CITY OF NASHVILLE *v.* WEAKLEY *et al.*

(*Nashville,* December Term, 1935.)

Opinion filed June 13, 1936.

J. Washington Moore, Jack Keefe, Robert L. Alexander, Jr., M. S. Ross, and K. T. McConnico, Jr., all of Nashville, for appellants.

Giles L. Evans and Joseph Martin, both of Nashville, for appellee.

Mr. Special Justice Davis delivered the opinion of the Court.

The defendant, Mrs. Weakley, was the owner of a two-story brick building located on Third Avenue, North, in the City of Nashville, which building had become so dilapidated as to be dangerous and a nuisance, as in-

sisted by the city and its building inspector, whereupon, after calling upon Mrs. Weakley to remove the building, and her failure to do so, the city proceeded to raze the same, and then filed this bill to recover of the property owner the cost of removal in the sum of $201.51, with an additional expense of $20 for an abstract of Mrs. Weakley's title.

The bill is filed against Mrs. Weakley and also against P. G. Terry, trustee, it appearing that on March 1, 1924, Mrs. Weakley encumbered the premises in question by a deed of trust to secure an indebtedness of $6,000, due in three years, annd under which trust instrument Terry is named trustee.

The bill prayed for a decree of $221.51; that the same be declared a lien on the premises, and for a sale under such lien decree, and in bar of the equity of redemption.

The bill bases the city's alleged right to recovery and lien upon the city charter, the same being chapter 125 of the Private Acts of 1923, particularly subsections 8, 22, and 40 of section 12 of the act, and upon Ordinance No. 524, passed by the mayor and city council of Nashville, and approved October 7, 1927.

The defendant property owner demurred to the bill, on the ground that the statute is unconstitutional and the ordinance invalid; this demurrer was overruled, whereupon Mrs. Weakley answered the bill, and in her answer attacks the validity of the act and ordinance, in so far as they attempt to fix liability upon her for the expenses of razing this building, and she specially attacks the validity of the asserted lien for such removal expenses.

The above act of the Legislature, incorporating the city of Nashville, provides, in section 12, that the mayor

and city council, within the limitations of the act, shall have power by ordinance (subsection 8):

"To make regulations to secure the general health of the inhabitants, and to prevent and remove nuisances. And, in order to accomplish these objects, the said Mayor and City Council may declare, by ordinance, what constitutes nuisances, and provide for the abatement of the same, and make all repairs and improvements necessary for the health and convenience of the inhabitants; and all expenses or outlay of said city shall be reimbursed by the owner or owners, and shall be secured by lien upon the property upon which the expenditure is made, which lien may be enforced by suit in the Chancery Court."

By its Ordinance No. 524, the mayor and city council enacted that any house, etc., in the corporate limits that shall have been condemned by the supervisor of buildings, and ordered by him to be demolished, is declared to be a public nuisance from the time such supervisor orders the demolition thereof, and if the owner fails to tear down or remove the same after written notice to do so, and within the time specified in the notice, which shall not be less than ten days nor more than ninety days, the city may then proceed to demolish such building, and that there shall be a lien upon the land in favor of the city for the expenses of such demolition.

A vigorous attack is made upon this ordinance, on the ground that it delegates judicial power to the supervisor of buildings and provides no remedy for the property owner, but places him at the mercy, whim, or opinion of the supervisor of buildings, and it is correctly pointed out that the ordinance itself does not define what shall constitute a nuisance. And it is insisted that under the

legislative act, as well as under the ordinance, no notice is provided to be given to the property owner that his building is to be condemned or declared a nuisance, and no remedy provided.

We think the ordinance is invalid because of delegation of judicial power to the supervisor of buildings; we are of opinion, however, that Mrs. Weakley is not in a position to attack the validity of the act or ordinance, insofar as they may bear upon the city's right to demolish her building as a nuisance. This is true because in the stipulation of facts it appears that the supervisor of buildings will testify that in his opinion this particular building was in a ruinous, dilapidated, and dangerous condition, and was a public nuisance; that various notices to that effect had been given Mrs. Weakley in 1926 and 1927, and she made written reply to some of these notices on August 26, 1927, stating that she would endeavor to comply with the inspector's requirement; the chancellor found that the building was in fact a nuisance, subject to condemnation as such, and it was admitted at the bar, by Mrs. Weakley's counsel, that the building was so dilapidated as to properly require its demolition. She has no just reason to complain that the building was torn down, and her rights were not affected by the fact that she had no notice of the condemnation of her building by the supervisor of buildings. And regardless of the statute or ordinance, the city had a common-law right to abate the nuisance. *Theilan* v. *Porter,* 82 Tenn. (14 Lea), 622, 52 Am. Rep., 173; *State* v. *Keller,* 108 Neb., 742, 189 N. W., 374, 25 A. L. R., 115; *Lawton* v. *Steele,* 152 U. S., 133, 14 S. Ct., 499, 38 L. Ed., 385; 20 R. C. L., 487.

The chancellor granted a decree against Mrs. Weakley

for the amount sued for, and declared it a lien upon the premises superior to any other encumbrance thereon. Of course, Mrs. Weakley can be heard to complain of the question of her liability, and of the lien.

▪ ■ ■ We do not think the ordinance complained of has any relation to, or effect upon, the question of liability or lien. The legislative act itself fixes the liability upon the property owner, and makes it a lien upon the property. The section quoted above specifically empowers the mayor and city council to declare, by ordinance, ''what constitutes nuisances,'' and while it is true that the act says the city council shall have power, by ordinance, to regulate the general health of the inhabitants, and to prevent and remove nuisances, yet it is also true that these powers are of common-law origin and right, as already pointed out. And when it is expressly provided in this section that the city shall be reimbursed by the owner, and that the city shall be secured by a lien upon the property, this specifically refers to the liability and lien for the removal of nuisances, and the words are not to be given the limited interpretation urged by Mrs. Weakley, so as to confine the liability and lien to the expenses only in the repair and improvement of property. The duty to keep her property in such state of repair as not to endanger the public rested upon Mrs. Weakley, and when she failed to perform that duty, the city could perform it for her, and at her expense. 19 R. C. L., 878; 43 C. J., 408. We see no legal obstacle to the liability of the property owner for the expenses of the removal of a nuisance, nor to the lien thus acquired by the city.

■ No priority of the lien over other items or encumbrances is attempted to be given either by the statute

or the ordinance. The contractual lien mentioned rested upon the property at the time the city acquired its debt against the property owner. The lien given is a pure statutory lien. "At common law there can be no lien without possession." *Peck* v. *Jenness,* 7 How., 612, 620, 12 L. Ed., 841; see, also, 37 C. J., 307; 17 R. C. L., 601-613.

▮ A statutory lien does not take precedence in the absence of a clear intention to override a prior contractual lien. 37 C. J., 329.

In *Parker-Harris Co.* v. *Tate,* 135 Tenn., 509, 516, 188 S. W., 54, 56, L. R. A., 1916F, 935, this court said: "By a long line of decisions where a statute creates a lien that lien as contra-distinguished from a common-law lien, is held not to take precedence of a prior contractual lien where the creating statute does not clearly show or declare an intention to cause the statutory lien to override the earlier one."

▮ The chancellor's decree erroneously declared the city's lien to be superior to all other liens. The city must take its lien subject to the encumbrances upon the property at the time its lien was acquired. In other respects, the chancellor's decree is correct, and, as so modified, it is affirmed.

Mrs. Weakley will pay the costs of the appeal.