## STATE OF NEBRASKA V. WILLIAM L. KELLER.

FILED JUNE 12, 1922. No. 22564.

1. Nuisance: FINDINGS OF FIRE MARSHAL: CONCLUSIVENESS. The finding by the state fire marshal, acting for the department of trade and commerce, under article XXI, title V, ch. 190, Laws 1919, that a building is a nuisance and liable to fire by reason of its being out of repair or because of age or dilapidation, is not conclusive upon the owner of the building, since the statute does not require notice to be given him and does not afford him a hearing.

2. ———: ABATEMENT. Where a building is, by reason of its being out of repair or from age or dilapidation, especially liable to fire, and is for that reason a public nuisance, such steps may be taken by the department as are reasonably necessary to abate the nuisance, but the decision of the department that the building is a nuisance, without a judicial determination of some kind on the question, is not conclusive upon the owner or final upon the courts.

3. ———: ———: NOTICE. The statute providing that the department may, with or without complaint having been made, make investigations of buildings, and, when it finds that any building constitutes a nuisance, within the meaning of the statute, may order it abated, cannot be held by implication to require that notice and a hearing be given to the owner of the property before such finding of the existence of a nuisance can be made.

4. Constitutional Law: NUISANCE: NOTICE. Section 5 of the act (Laws 1919, ch. 190, title V, art. XXI, Comp. St. 1922, sec. 8149), declaring that any person who shall fail to comply with an order of the department to abate a nuisance shall be guilty of a misdemeanor, is unconstitutional as lacking in due process of law, since the person made guilty is denied the right to any notice or to a hearing on the question of whether or not a nuisance does, in fact, exist.

ERROR to the district court for Buffalo county: BRUNO O. HOSTETLER, JUDGE. *Objections overruled.*

*H. M. Sinclair,* for plaintiff in error.

*Pratt, Hamer & Beynon,* contra.

Heard before MORRISSEY, C. J., ROSE, DEAN, ALDRICH, DAY and FLANSBURG, JJ., REDICK, District Judge.

FLANSBURG, J.

This was a prosecution instituted before a justice of the peace, to recover a statutory penalty from the defendant on the charge that he had violated an order of the state fire marshal, directing the defendant to abate a nuisance. The nuisance complained of was a building which was charged to be out of repair and in a dilapidated condition, and especially liable to fire. A conviction was had and the case appealed by the defendant to the district court, where the conviction was reversed on the ground that the portion of the statute, upon which the prosecution was based, was unconstitutional. The county attorney, as provided by statute, has presented his objections here, raising the question of the constitutionality of the act.

The act (Laws 1919, ch. 190, title V, art. XXI) declares: "Section 3. Any building, or other structure, which for want of proper repair, or by reason of age and dilapidated condition, or for any cause, is especially liable to fire, and which is so situated as to endanger other buildings or property, * * * is hereby deemed and declared to be a nuisance." The act further provides that the department of trade and commerce may, either upon complaint of some person or without complaint, make investigations and that: "Section 4. Whenever the department shall find that any building or other structure * * * constitutes a nuisance within the meaning of the (act), * * * it shall order the same to be abated, and such order shall be forthwith complied with by the owner or occupant of such building or premises." The act also provides that the department may institute an action in the district court to have such buildings declared to be a nuisance, and, by the court, ordered abated. It further contains a provision that, where there is an immediate and pressing necessity for the abatement of the nuisance, and the owner of the building is a nonresident or cannot be found, the department may immediately abate such nuisance, and a provision is made for a reimbursement by collection of the costs of abatement from the owner, or through a lien upon

the property. The provision of the statute, now especially involved, is section 5, which is as follows: "Any person who shall fail to comply with the order issued by the department of trade and commerce to abate a nuisance as in this article defined, shall be guilty of a misdemeanor and, upon conviction, shall be fined in any sum not exceeding one hundred ($100) dollars."

In this case no judicial proceeding was had for the determination of the question of whether a nuisance, in fact, existed. The department determined that question upon its own investigation, proceeding under those provisions of the act which are above quoted. It is the contention of the defendant that section 5 of the act, which declares a disobedience of an order, made by the department without notice to the defendant and wihout a hearing, a crime, is unconstitutional.

It is the contention of the state that the statute, by implication, requires a notice, citing, in support of that contention, the decision in *Enterprise Irrigation District v. Tri-State Land Co.*, 92 Neb. 121. In that case the court pointed out that, since a proceeding was provided by the statute to be had before a board of quasi-judicial authority, a notice of the hearing before such board would be implied, though none was specifically provided by the statute, and that a party, having actual notice and appearing before such board, could not complain that the procedure was lacking in due process of law. In the statute under consideration, on the other hand, there is no provision whatsoever for a hearing or proceeding before the department. A hearing is only provided when the department applies to the district court. Except where proceeding in the district court, the department is given the right, upon its own investigation, to declare that a nuisance exists and to order it abated when, in its judgment, the structure falls within the definition of the statute.

The extent of the right of the department, under this statute, to summarily abate a nuisance, without notice or hearing, is not directly involved. The property complained

of in this case was finally placed in proper condition by the owner. The prosecution is based upon the owner's default in failing to immediately abate the nuisance after the order of the department had been served upon him.

At common law, either by official authority or when a person was acting in his individual capacity, there was the right to abate a public nuisance without a hearing and without a notice and without liability resulting by reason of the necessary destruction of property. But, where a thing is adjudicated, by an individual, to be a nuisance, or even by public authorities acting under a statute which has not provided for a notice to the owner of the property, and does not render him a hearing, such adjudication will not afford the person protection, and, in abating the nuisance, he must act at his peril. If later, by a judicial determination, the property destroyed be held not to be a public nuisance, the party causing damage is held responsible. The state, in the exercise of its police power, may declare that certain conditions constitute a public nuisance, and only in clear cases are the courts warranted in going behind such legislative determination, but the state cannot denounce as a nuisance that which is not a nuisance in fact. Where a statute so definitely defines what shall constitute a nuisance as to leave no room for latitude on the question, officials are authorized and protected in abating such described nuisances, and no notice or hearing is essential. The legislature in such case has, by a description set forth in the statute, foreclosed the question of what, in law, shall constitute a nuisance. But where the legislature has not specifically defined the exact condition which shall constitute a nuisance, and perhaps is unable to do so, the question of what does constitute a public nuisance under the general terms of a statute must be determined by individual judgment in each given case. The authority to decide generally when a nuisance exists is the authority to weigh evidence and make findings of fact and to apply rules of law, and necessarily involves the exercise of judicial functions.

The first question, then, to be considered is whether or not the terms of the statute so specifically define what conditions in buildings and structures shall constitute a nuisance as to eliminate the necessity of a judicial determination and an exercise of individual judgment on the question. It is argued by the defendant that the law in question furnishes no specific rule or limitation upon the action or authority of the department, and that it is within the power of the department, so far as limitations of the statute go, to determine, according to its own judgment, what condition of ill repair or age or dilapidation or other cause is sufficient to constitute a basis for a finding that the building is a nuisance. It seems to us that the statute is so general in its terms that it does not, and possibly could not, furnish strict definitions of what exact conditions in a building or structure would constitute a nuisance.

In *People v. Sholem*, 294 Ill. 204, 207, in a case involving a statute almost identical in terms with this one, the court held the provision of the law unconstitutional, saying that objection was made that the statute did not "fix any rules by which the fire marshal shall determine when a building shall be declared to be, 'for want of proper repair, or by reason of age and dilapidated condition, or for any cause,' especially liable to fire, or when said building is 'so situated as to endanger other buildings or property, or so occupied that fire would endanger persons or property therein,' and that therefore the vesting of the power in the fire marshal to determine when such conditions arise is, in the absence of any rule by which such shall be determined, a delegation of legislative and judicial authority," and that the fire marshal (p. 211) "is given the arbitrary power of determining these matters without rule or limitation by which such determination shall be reached, except that such building shall be especially liable to fire. All buildings are to a greater or less degree subject to be destroyed by fire. Some are especially liable to fire, while others are almost fireproof. By this act the fire marshal is

given the power arbitrarily, to determine, without the intervention or assistance of a court or jury, where the line of demarcation is in any case."

Under such a statute, it seems clear to us that the terms are so general that the question of whether or not a nuisance exists in any specific case is a question for individual judgment and must be left to judicial determination. Decisions of like import with the holding in the case just above cited are *Stockwell v. State,* 110 Tex. 550, 12 A. L. R. 1116; *In re City of Brooklyn,* 87 Hun (N. Y.) 54. In order that the decision of the fire marshal or a board exercising quasi-judicial authority should be conclusive on the question of whether or not a nuisance exists, a notice and a hearing to the party interested is essential. In many statutes, providing for the abatement of nuisances on property which has come into such a condition as to be especially liable to fire, a notice and a hearing are provided, and the laws, in those instances, held constitutional. *York v. Hargadine,* 142 Minn. 219, 3 A. L. R. 1627; *Runge v. Glerum,* 37 N. Dak. 618; *State Fire Marshal v. Fitzpatrick,* 149 Minn. 203.

We do not mean to say that the department is prohibited from summarily abating a public nuisance. As said in the case of *Stockwell v. State, supra*: "The state (after specifically defining certain things as public nuisances) may also remit to such agencies as health boards or other proper administrative officers, the authority of determining whether other things constitute public nuisances, with the power to abate them. But where this is done, the determination of such boards or officers is not conclusive, and cannot be made so, unless it be with respect to something having the nature of a public emergency, threatening public calamity, and presenting an imminent and controlling exigency before which, of necessity, all private rights must immediately give way. If this were not true, all property would be at the uncontrolled will of temporary administrative authorities, exercising, not judicial powers, but purely executive powers. The result would be to subject

the citizen's property solely to executive authority, putting it beyond the protection of the courts, and depriving the courts of their essential power of determining what, under the written law, is lawful and what is not—declaring the law of the land—and adjudging property rights accordingly."

The findings of an officer, based on his judgment that a thing constitutes a nuisance, cannot be conclusive when there has been no notice and hearing provided by statute, and, where an abatement of a nuisance is conducted by him, his adjudication that the property constitutes a nui-sance, under the general provisions of the statute, would not afford protection in case later, by a judicial determination, the property should be found not, in fact, a nuisance. *Hutton v. City of Camden*, 39 N. J. Law, 122; *Manhattan Mfg. & Fertilizing Co. v. Van Keuren*, 23 N. J. Eq. 251.

Since the finding of the fire marshal that the property in this case constituted a nuisance was not a judicial de-termination of the question, but was his own independent determination, his order, directed to the defendant, that the property should be removed was not such a final determination or fixation of the defendant's obligations as to constitute a sufficient basis for a criminal prosecution, based on the defendant's violation of the order. In the justice court, following the literal construction and proper interpretation of the statute, the finding and order of the fire marshal was construed as conclusive of the defendant's rights and the defendant's violation of the order was held to be an offense under section 5 of the statute. As we view it, this section of the statute, which makes it a penal offense for a person to violate an order made by the state fire marshal, which order is based upon his individual judgment and is made without the necessity of a notice or a hearing to the party who is to be charged, is unconstitutional, as lacking in due process of law.

We do not see, however, that this section operated as an inducement to the passage of the remainder of the act,

and the remainder is not, by the elimination of the section complained of, held to be invalidated.

The objections of the county attorney to the decision of the lower court are therefore

OVERRULED.