## PALFREYMAN v. BATES & ROGERS CONST. CO. et al.

No. 6754.   Decided April 20, 1945.   (158 P. 2d 132.)

See 5 C. J. S., Appeal and Error, sec. 1657; 3 Am. Jur., 468.

*Christenson & Christenson,* of Provo, for appellant.

*A. V. Watkins,* of Provo, for respondents.

CROCKETT, District Judge.

This controversy centers around the rental of some heavy construction equipment to the defendant company by the plaintiff. The principal question is whether or not a certain power shovel and dragline were accepted for use by the defendant on June 28, 1942, as claimed by the plaintiff, or on July 16, 1942, as claimed by the defendant. The trial court found in favor of defendant. Plaintiff assigns this finding as error and asserts that his claim in that regard is supported by uncontradicted evidence.

The defendant company was engaged in the construction of a steel plant at Ironton, Utah, for the Defense Plant corporation. This was an emergency war project and defendant badly needed a power shovel that could be used as a dragline. Plaintiff had a power shovel at St. George, Utah, and agreed that if defendant company would pay for its transportation to Ironton, he would make some needed repairs on it and put it into condition to be used as a dragline and rent it to defendant company. The shovel was brought to Ironton and left near the highway outside of the defendant's construction works where plaintiff's mechanics worked on it. Just when this work was completed is· in dispute.

The only evidence that the equipment was accepted by the defendant on June 28 was the statement of the plaintiff

himself that on that date Mr. Rasmussen, the defendant's superintendent, had stated to plaintiff: "All right, I will take the machine. It is ours." It is true that Mr. Rasmussen was engaged in defense work at Vicksburg, Mississippi at the time of the trial and was not present to give his version of this alleged conversation, but even plaintiff's witnesses testified that his mechanics worked on it up to and during the first week of July. The testimony of defendant's witnesses and their records indicate that the equipment was neither accepted nor taken into the premises where the defendant was constructing the steel plant until July 16. Defendant's evidence also was that that machine never did work as a dragline and that after sixteen days of trying to make it work, it was released to plaintiff.

The circumstances corroborate the defendant's testimony as to date of acceptance. The defendant company was in urgent need of the equipment and it is reasonable to assume would have accepted and begun to use it as soon as possible instead of accepting it June 28 and leaving it standing out near the highway for a considerable number of days, as would have been the case if the court had followed plaintiff's evidence. The evidence was not only in conflict, but even on the record, it seems to preponderate in favor of the defendant as found by the trial court. It is elementary that where there is such conflict, the finding of the trial court will not be disturbed if it is supported by substantial evidence. *Beckstead* v. *Brinton*, 105 Utah 395, 142 P. 2d 409; *Tracy Loan & Trust Co.* v. *Openshaw Investment Co.*, 102 Utah 509, 132 P. 2d 388; American Digest System, Appeal and Error, key 1011.

Plaintiff also contends that inasmuch as the rental was to be at the rate of $1500 per month, the defendant was obliged to pay for at least one month's rental on this equipment. The lower court also found against the plaintiff on this issue, and allowed pay only for the time for which it found the equipment was used and possessed; that is, sixteen days.

There is a presumption that the judgment of the trial court was correct, and every reasonable intendment must be indulged in favor of it; the burden of affirmatively showing error is on the party complaining thereof. *Bush* v. *Bush,* 55 Utah 237, 187 P. 823; *Ewing et al.* v. *Harries,* 68 Utah 452, 250 P. 1049; *Hulse* v. *Swicegood,* 49 Utah 89, 162 P. 89; 5 C. J. S., Appeal and Error, § 1533, p. 262; *Wilhite et al.* v. *Brin,* 178 Okl., 339, 62 P. 2d 1240.

We are favored with no citation of authority in the appellant's brief. This court does not look with favor upon the cause of a litigant who raises points and casts them in the lap of the court for research and determination, and if this is done, it is within the discretion of the court to refuse to consider them. *United States Building & Loan Association* v. *Midvale Home Finance Corp. et al.,* 86 Utah 506, 44 P. 2d 1090; *McGuire* v. *State Bank of Tremonton,* 49 Utah 381, 164 P. 494; *Union State Bank of Wapato* v. *Warner et al.,* 140 Wash. 220, 248 P. 394.

In the oral conversation regarding terms of rental, it was stated and understood by both parties that the rental would be subject to regulations of the Office of Price Administration of the Federal Government (herein called the O. P. A.), at the rate of $1500 per month, which was the O. P. A. ceiling price on such equipment.

Plaintiff grounds his claim for a minimum of one month's rental on his interpretation of various sections of his Exhibit "I", which is Maximum Price Regulation (M. P. R. 134), as amended. This is a many-paged pamphlet ot regulations with respect to rental prices on this type of equipment. The defendant refers to other sections of the same document which he interprets to favor the defendant.

Both plaintiff and defendant base their arguments upon this M. P. R. No. 134, as amended, plaintiff's exhibit "I." It happens that that regulation was issued October 15, 1942, effective October 22, 1942, which was after the time covering the facts of this controversy. Several of the

sections referred to in the briefs are therefore not applicable. The original of M. P. R. 134, which is plaintiff's exhibit "H", was in effect during the time of controversy. Reference to sections herein are therefore to the M. P. R. 134 as contained in exhibit "H." Do they entitle plaintiff to a minimum of at least one month's rental?

To begin with, the stated purpose of the O. P. A. regulations is to limit and curtail, rather than to increase, prices. Sec. 1399.10(a) provides that the rental must be on the basis most favorable to the lessee. Sec. 1399.8(3) provides:

"Rental price means the amount charged for any construction or road maintenance equipment *for the period of use or possession thereof* on the basis set forth in the table of rates."

Sec. 1399.10 fixes rates on a daily, weekly, and monthly basis and provides that the rental price for the time the equipment was used and possessed shall be computed on the basis of the rental period rate which is most favorable to the lessee. Sec. 1399.4 provides:

"The maximum rental prices * * * shall not be circumvented or evaded, directly or indirectly * * * by hereafter establishing a minimum rental period for any construction and road maintenance equipment."

Plaintiff's attempt to enforce collection of rental for a minimum of one month is not only not in accord with, but is specifically contrary to both the spirit and letter of the O. P. A. regulations.

If the plaintiff had been entitled to the maximum price allowed by O. P. A., he could have received pay for two and two-sevenths weeks at $500 a week, a total of $1142. A person claiming the benefit of the maximum price would have the burden of showing that it was specifically understood or agreed to as part of the contract; this plaintiff failed to do. According to the finding of the lower court, the contract of rental was for 16 days, the time for which the equipment was used and possessed,

at the rate of $1500 per month. This finding is supported by competent evidence, and will not be disturbed.

The parties certainly had the right to contract for less than O. P. A. ceiling prices. These regulations do not set prices; they establish maximum prices, and Sec. 1399.2 expressly provides that parties may contract for less than ceiling prices.

In view of the above discussion, it is unnecessary to refer to the "purchase order" or request for payment (Defendant's Exhibit 1), which was signed by plaintiff August 19, 1942, and the effect it had on the rights of the parties.

Plaintiff also asks for extra pay for the dragline boom used with the shovel, the rental of a tractor bulldozer, and certain other transportation charges. These matters all rest upon disputed evidence and are governed by what is said heretofore in this opinion.

Judgment is affirmed. Costs to respondent.

LARSON, C. J., and McDONOUGH, WADE, and WOLFE, JJ., concur.

TURNER, J., being disqualified, did not participate herein.