## BURTON v. ZION'S COOPERATIVE MERCANTILE INSTITUTION.

No. 7854.  Decided October 29, 1952.  (249 P. 2d 514.)

See 5 C. J. S., Appeal and Error, sec. 1707. Interrogation of jurors, on voir dire with reference to insurance. 31 Am. Jur., secs. 172 et seq.; 105 A. L. R. 1320.

*Lyle M. Ward,* Salt Lake City, for appellant.

*John H. Snow,* Salt Lake City, for respondent.

CROCKETT, Justice.

The sole question presented by this appeal is the plaintiff's claim that the trial court should have granted a mistrial and called a new jury because of statements made by a prospective juror, one Hugh Barker, in connection with the voir dire examination of the jury panel.

The pertinent portions of the record are:

"Judge Van Cott: Do you feel that if you were in the position of this plaintiff that you would get a fair and impartial trial if you submitted this case to eight men like yourself, Mr. Barker?

"Mr. Barker: Judge, I had, I was threatened with a case of this kind at one time. My insurance company settled and action was not brought.

"Q. Do you believe that would have any bearing upon your feelings in this matter?

   *   *   *   *   *

"Mr. Barker: Well, judge, I don't want to speak out of turn, but I write a lot of insurance and my experience with insurance companies is that they are very fair, and I probably—Now, of course, I don't know anything about this case, but my experience is that as I say, they are very fair and where there is a settlement due they make it. I know they did in my case.

        \*      \*      \*      \*      \*

"Judge Van Cott: \* \* \* You think it may have some influence on you in this matter? Let me ask you this, Mr. Barker. Now of course we want you to feel free to answer as you feel; I am not trying to corral you here into serving on this jury if you have an honest conviction that you couldn't come into the case with an impartial mind \* \* \*, and I don't want any juror to fail to disclose that if they feel that way.

"Mr. Barker: Well, Judge, I might say this \* \* \* I have yet to see a fair case where the insurance company hasn't settled where there is a settlement due.

"Q. Of course the only defendant that we know anything about here is Z. C. M. I.

"Mr. Barker: That's right, sir. I don't know that they are insured. I think probably they are.

"Q. We have no right to make any presumptions. The only defendant that we are concerned with here is Z. C. M. I. Company. Is it because you have written insurance? Is that the reason?

"Mr. Barker: Well, I might say this. If Z. C. M. I. are insured and this has undoubtedly been brought to the insurance company's attention and they refuse settlement I feel that they would have some grounds for it.

"Judge Van Cott: Well, of course, it will never be disclosed to the jury whether they are or they are not.

"Mr. Snow: Your honor, I am wondering—it is obvious Mr. Barker would have some difficulty and his difficulty would lean to my favor; in any event I think he ought to be excused in fairness to Mr. Ward and his clients.

"Mr. Ward: We concur in that, your Honor.

"The court: Well, Mr. Barker, you are excused in this case."

Another juror was then called, the questioning of the panel completed, the jury was passed for cause by both sides and sworn to try the case. After this was done and the court recessed, the plaintiff's counsel presented in the judge's chambers a motion for a mistrial "on the basis of the commentary given by one of the jury panel; namely Mr. Hugh Barker." The motion was denied.

The case was then tried to the jury and the verdict was against the plaintiff. No motion for a new trial was presented to the trial court. Plaintiff took this appeal directly and seeks an order for a new trial claiming that because of the incident recorded above the jury was so prejudiced that he did not have a fair trial.

It is worthy of remark that the record is devoid of any suggestion from plaintiff that the other jurors be especially cautioned, questioned, or excused for cause as a result of the incident. On the contrary, the plaintiff approved the jury by passing it for cause. Ordinarily, if a party knows or believes that a juror or jury is disqualified because of bias or prejudice, the challenge must be asserted before the jury is sworn; otherwise it is waived.[1] It is appreciated that under some circumstances this would not necessarily preclude plaintiff from timely moving for a mistrial, but it is at least one circumstance to consider in judging whether the court abused its discretion in refusing to grant one in this case. Passing the jury for cause as plaintiff did obviated the possibility of the trial judge questioning the jury more carefully as to this matter and permitted him to excuse the rest of the jury panel so that the trial could not have continued.

We likewise note that the court having once ruled on the matter, it was permissible to take an appeal without first moving for a new trial which would have given the trial court an opportunity to reappraise his ruling under calmer and more reflective circumstances than in the pro-

[1]See 16 R. C. L. 313.

gress of a trial. Still, under the facts shown here, it seems that a motion for a new trial would have been an advisable procedure because the trial court heard all of the evidence on both sides and would have a better opportunity to tell whether the incident did in fact prejudice the jury, than would this court on appeal where the only portion of the record transmitted to us is that relating to the examination of the jury panel. No such motion having been made, we are left to analyze the situation upon the basis of the record before us, the material portions of which are hereinabove quoted, and apply the law to the facts thus disclosed.

Granting mistrial within trial court's discretion.

Plaintiff's counsel argue that we should reverse the trial court's denial of the motion for mistrial because the conduct shown *may have* influenced the jury or *probably* influenced the jury. In apparent accord with plaintiff's contention, is the statement:

"* * * it is generally held that a new trial will not be granted because of remarks about the case in the hearing of jurors * * * unless such remarks probably influenced the verdict."[2]

In that case we affirmed refusal to grant a mistrial on the ground of juror's misconduct. The quoted portion properly refers to the authority of the trial court; it is undoubtedly true that he may grant a mistrial if he believes the incident *may have* or *probably* influenced the jury, to the prejudice of either party. If he concludes that the conduct *probably did,* that is, that it is more likely than not, that it did prejudice the jury, the mistrial should be granted. But if he believes it *probably did not* prejudice the jury, the motion for mistrial should be denied. From his ruling, we assume that such was his conclusion in the instant case. In view of the practical necessity of avoiding mistrials and getting litigation finished, the trial court should not grant a mistrial except where the circumstances are such as to

---

[2]*Skeen* v. *Skeen*, 76 Utah 32, 287 P. 320, 324.

reasonably indicate to him that a fair trial cannot be had and he is convinced that it is necessary to do so in order to avoid injustice.[3]

Appellate court's review of ruling limited.

Once the trial court has exercised his discretion and made his judgment thereon, the prerogative of this court on review is much more limited. If the trial court could reasonably decide that the jury would not be prejudiced and that the parties could have a fair trial, his ruling must stand. In other words, unless his determination appears to be so unreasonable that upon review it appears that he was plainly wrong, in that there is a strong likelihood that the plaintiff could not have had a fair trial, we cannot say that his failure to grant one was an abuse of discretion. The matter rests in the sound discretion of the trial court and the judgment thereon should be reversed only where there has been a plain abuse thereof.[4]

The foundation of this rule is the same as in numerous other areas of the law wherein appellate courts give deference to rulings of the trial court because his judgment must rest in large part upon his observance of the conduct, personalities and circumstances with which he has close contact. He sees and hears the participants; the manner in which they act and speak; sees their expressions, hears the inflections of the voice and has the opportunity to observe their reactions much better than can be demonstrated to an appellate tribunal from a cold record of the events.

Sometimes lawyers, especially those who have lost a cause, are too prone to consider jurors as fragile, isolated individuals who have been imported into the court room out of a vacuum. Can one imagine an adult citizen who

---

[3] 86 A. L. R. 928 et seq. Mistrial; Jurors, Misconduct on voir dire examination.

[4] *Callahan* v. *Simons*, 64 Utah 250, 228 P. 892; *Lund* v. *District Court*, 90 Utah 433, 62 P. 2d 278, and *Hepworth* v. *Covey*, 97 Utah 205, 91 P. 2d 507.

has failed to come across and hear the arguments of some wiseacre who claims that insurance companies are always right; or his counterpart and opposite number who says they are always wrong. The fact that one individual with such a distorted view happens to be on the jury panel, which the voir dire examination quickly exposed, would not necessarily corrupt all the rest and make them likewise unfit for jury service. Even counsel whom he seemed to favor volunteered that his preconceived idea that one class of litigant was always right made it apparent that he was lacking in the fair and open minded attitude necessary to sit in judgment as a juror. To this the court and other counsel quickly agreed and he was excused, plainly indicating to the other jurors that his attitude of mind was improper, if they had had any doubt about it.

Jury trials cannot be conducted with saints, nor in a vacuum hermetically sealed off from life. Under the practical necessities of taking human beings as they are, it is to be expected that occasionally someone with distorted ideas concerning the administration of justice will be discovered on juries. We can hardly expect that each juror be given a private interview so that any remark indicating prejudice or disqualification by one juror will not spoil the lot.

It may be that it was unfortunate for the plaintiff to have this apparently loquacious and indiscreet individual on the panel as a prospective juror. We are not able to say from the record before us with any degree of certainty that his conduct influenced the other jurors in a manner prejudicial to the plaintiff. The burden was on the plaintiff to show affirmatively that the refusal to grant a mistrial was error prejudicial to his cause. Here, as elsewhere in the law:

"There is a presumption that the judgment of the trial court was correct, and every reasonable intendment must be indulged in favor

of it; the burden of affirmatively showing error is on the party complaining thereof."[5]

It cannot be said that the circumstances disclosed are such that the judge was palpably wrong and that the only reasonable deduction that could be made was that the jury would be so prejudiced that the plaintiff could not have a fair trial.

Judgment affirmed. Costs to respondent.

WADE and McDONOUGH, JJ., concur.

WOLFE, Chief Justice.

I concur in the results. In the main opinion it is stated:

"it is undoubtedly true that he [the trial court] may grant a mistrial if he believes the incident *may have* or *probably* influenced the jury, to the prejudice of either party. If he concludes that the conduct *probably did*, that is, that it is more likely than not, that it did prejudice the jury, the mistrial should be granted."

The first and second sentences of the quotation appear contradictory in that it is first stated that the trial court *may* grant a mistrial if he believes the incident "probably" influenced the jury, but secondly, that a mistrial *should* be granted if the trial court concludes the incident "probably did" influence the jury. The latter statement is correct and in accordance with our holding in *Skeen* v. *Skeen,* 76 Utah 32, 287 P. 320. I assume that is the rule Mr. Justice Crockett intends to follow:

I do not concur in Mr. Justice Crockett's inferred characterization of Mr. Barker as a "wiseacre" or in the attribution to him of a belief that one class of litigants is always right. While it is true that Mr. Barker did state that

"my experience is that * * * they [insurance companies] are very fair and where there is a settlement due they make it"

[5]*Palfreyman* v. *Bates & Rogers Construction Co.,* 108 Utah 142, 158 P. 2d 132, 133, and authorities therein cited; *Redd* v. *Airway Motor Coach Lines,* 104 Utah 9, 137 P. 2d 374.

and

"I have yet to see a fair case where the insurance company hasn't settled where there is a settlement due,"

he later stated,

"If Z. C. M. I. are insured and this has undoubtedly been brought to the insurance company's attention and they refuse settlement I feel that they would have some ground for it."

Taking these statements as a whole, I think their fair import is that based on his experience with insurance companies, Mr. Barker believed they settled claims presented to them unless they had some justifiable ground for refusing to do so. While Mr. Barker should have been more direct in answering the questions asked him by the court, I think his lengthy answers were prompted by doubt in his mind whether he should serve on the panel and an honest desire to disclose what was in his mind in order that the court might help him determine whether he could act impartially.

As for the contention of the appellant that Mr. Barker's statements on voir dire examination prejudiced the jurors against him [the appellant] I agree with Mr. Justice Crockett that the trial court did not abuse its discretion in refusing to grant a mistrial. In fact, had the jury found in favor of the appellant, the respondent might be here contending Mr. Barker's statements prejudiced the jury against it since he disclosed the likelihood that Z. C. M. I. was insured.

HENRIOD, J., concurs in the result.