428 P.2d 160

**Evan P. JONES, Plaintiff and Appellant,**

v.

**LOGAN CITY CORPORATION, Defendant and Respondent.**

**No. 10622.**

Supreme Court of Utah.

May 24, 1967.

Theodore S. Perry, Logan, for appellant.

H. Preston Thomas, Logan, for respondent.

TUCKETT, Justice:

This is an action brought by the plaintiff wherein he seeks to restrain Logan City

---

from destroying a home owned by him. The City's Board of Condemnation, after a hearing and inspection of the building in question, made findings that the building owned by the plaintiff constituted a menace to public safety and further found that the building should be demolished.

The court below found that the ordinances of Logan City providing for a Board of Condemnation and giving to that Board the power to determine whether any building or structure constitutes a menace to public health or public safety were valid. The plaintiff is here challenging the findings of the trial court that the ordinances of the City are valid.

The plaintiff was the owner of a home which had been constructed more than 60 years ago. The home was located on a block where there were similar homes, constructed about the same time and of the same material as that of plaintiff's house. Prior to June 2, 1965, the Chairman of the Logan City Board of Condemnation investigated the home owned by the plaintiff. The Chairman determined that the condition of the house owned by the plaintiff was such that a hearing should be held by the Logan City Board of Condemnation. After hearing, the Board determined that the home in question was a menace to public safety and should be demolished.

Pursuant to the grant of power contained in Section 10–8–60, U.C.A.1953, Logan City

had adopted ordinances Nos. 120 through 125. The statute above referred to provides as follows:

Nuisances.—They may declare what shall be a nuisance, and abate the same, and impose fines upon persons who may create, continue or suffer nuisances to exist.

The City's ordinance No. 120 provides in part as follows;

*Power of the Board. Notice of Hearing.* Said Board of Condemnation is hereby granted the power, after notice of hearing, to find and determine whether any building, or other structure constitutes a menace to public health or public safety. (The remaining portion of the ordinance deals with notice and the hearing.)

Ordinance No. 123 provides in part as follows:

Every building constituting a menace to public health or public safety as the same is defined in this chapter, is hereby declared to be a public nuisance. * * *

While the statute above mentioned grants to cities the power to declare what shall be a nuisance, the ordinance before us does not in fact define what a nuisance is. Ordinance No. 120 above referred to, which grants to the Board of Condemnation the right to determine whether any building constitutes a menace to public health or

public safety does not provide standards on which the Board can base its finding as to what is or what is not a menace to public health or public safety. It would appear that the ordinance imposes upon the Board of Condemnation quasi-judicial functions without standards or guidelines to govern the Board in its determination.[1] We are of the opinion that the ordinance attempts to make an unlawful delegation of power to the City's Board of Condemnation. We are of the opinion that by reason of the delegation of powers by the City Commission the ordinance above referred to is invalid.[2] It may also be observed that the other ordinances before us do not supply this deficiency.

We should observe in passing that the defendant Logan City did not pursue its contentions in this court either by oral argument or filing a brief.

The judgment of the court below is reversed. Costs to the plaintiff.

HENRIOD, J., concurs.

CALLISTER, Justice (concurring in result).

I concur in the result. In doing so, I am motivated, in part, by the failure of Logan City to either file a brief or make an oral argument. This indicates, to say the least, a complete indifference as to this court's disposition of the appeal. Furthermore, it is an imposition upon this court for any litigant to expect it to initiate, independently, the research necessary to support such litigant's position.

ELLETT, Justice (concurring and dissenting).

I concur in the result reached in the main opinion insofar as it prevents Logan City from destroying the plaintiff's house. However, I dissent insofar as the decision attempts to hold the ordinance invalid.

The City by ordinance created a board of condemnation with powers as follows:

Whenever the board of condemnation shall have determined that the building constitutes a menace to public safety it shall thereupon find and determine what repairs or alterations are necessary or whether the total destruction of such building is necessary in order that such building shall not constitute a menace to public safety or public health. Said board shall also determine and find the length of time necessary to complete such

---

1. People ex rel. Gamber v. Sholem, 294 Ill. 204, 128 N.E. 377, 378; State v. Keller, 108 Neb. 742, 189 N.W. 374, 25 A.L.R. 115; Rowland v. State ex rel. Martin, 129 Fla. 662, 176 So. 545, 114 A.L.R. 443 and annotations p. 446.

2. State Tax Commission of Utah v. Katsis, 90 Utah 406, 62 P.2d 120, 107 A.L.R. 1477.

repairs, alterations or destructions, such time to begin to run upon service of findings, and said board may for good cause, extend such time not to exceed thirty days.

The ordinance further provided for an appeal from the rulings of the board of condemnation to the "adjustment board"— a board created pursuant to statute, Section 10-9-6, U.C.A.1953. The ordinance further provides: "The adjustment board may confirm, modify or set aside the findings of the board of condemnation. The findings and determinations of the adjustment board shall be final and conclusive."

Section 10-9-15, U.C.A.1953, states:

The city or any person aggrieved by any decision of the board of adjustment may have and maintain a plenary action for relief therefrom in any court of competent jurisdiction; provided, petition for such relief is presented to the court within thirty days after the filing of such decision in the office of the board.

It thus appears that the ordinance runs counter to the statute.

The guidelines for the board of condemnation are rather general—

" * * * determine whether any building, or other structure constitutes a menace to public health or public safety. * * *"

Despite the problems presented to us by this appeal, the City of Logan has not seen fit to file a brief in the matter or to present an oral argument to assist us in arriving at a correct determination.

In view of the fact that no opposition has been indicated to plaintiff's efforts to save his property, I conclude that the intention of the City to destroy the house has been abandoned. I, therefore, would restrain Logan City from destroying plaintiff's house and would reserve my ruling upon the validity of the ordinance in question until such time as we have the benefit of research and argument of counsel for the City. I would require each party to bear its own costs.

CROCKETT, Chief Justice (dissenting).

I am at a loss to appreciate the import of Justice Tuckett's opinion which appears to reject the ordinance because it does not provide "standards or guidelines" as to what is a public nuisance. Ordinance No. 120 authorizes the Board to determine whether any building is "a menace to public health or public safety"; and No. 123 states that any building constituting "a menace to public health or public safety" is a public nuisance. The test to be applied is whether the language is sufficiently clear and understandable that persons of ordinary intelligence and experience could understand it. See State v. Geurts, 11 Utah2d 345, 359 P.2d 12. It is basic that legislation should be presumed valid and constitutional; and that the courts should interfere with the

legislative prerogative only with reluctance. See statements as to presumption of constitutionality in Newcomb v. Ogden City Public School, etc., 121 Utah 503, 243 P.2d 941; Donahue v. Warner Brothers Pictures, etc., 2 Utah 2d 256, 272 P.2d 177; Kent Club v. Toronto, 6 Utah 2d 67, 305 P.2d 870. An enactment should not be declared void for vagueness unless it is so deficient that it is susceptible of no reasonable construction and application which would make it operable. See State v. Packard, 122 Utah 369, 250 P.2d 561.

Legislation is always necessarily in somewhat general terms. It is obviously impossible to describe in detail every act and circumstance a statute or ordinance is intended to deal with. It is my opinion that the proscription of a building constituting "a menace to public health or public safety" has a sufficiently definite meaning in common usage that persons of ordinary intelligence and experience can understand what is meant. Insofar as I can see, further definition of terms of such ordinary meaning would be but a proliferation of language in synonyms or similar phrases which would in turn probably be no clearer than those already used.

There are certainly many types of noxious or hazardous situations which all reasonable people would agree would constitute "a menace to public health or public safety" and thus within the interdiction of the ordinance. The fact that there are other situations where it would be doubtful as to whether within its meaning, should not destroy it entirely. If such precision of language were required, a large amount of legislation would be nullified. A discriminating focus as to the meaning of the language in statutes or ordinances is necessary practically everywhere in administering and applying the law. Many instances could be cited, but in the interest of brevity two or three should suffice: see Sec. 47–1–1 to 47–1–8, U.C.A.1953, Nuisances; Sec. 76–11–3 Smoking in inclosed public place; Sec. 76–39–1 et seq. Lewdness; and under Sec. 76–7–9 what is taking "indecent liberties" with a child under fourteen.

Whether any given situation comes clearly within the meaning of the ordinance is subject to determination in a proper way and by proper authority; and is of course, subject to judicial review. But this is procedural and does not make the ordinance invalid for vagueness of its wording.

For the foregoing reasons I decline to join in the opinion striking down the ordinance as vague.