462 P.2d 170

Eulala O. HARRISON, Plaintiff
and Appellant,

v.

Gerald Lee HARRISON, Defendant
and Respondent.

No. 11491.

Supreme Court of Utah.

Dec. 3, 1969.

Robert M. McRae, of Hatch, McRae & Richardson, Salt Lake City, for plaintiff-appellant.

Charles E. Bradford, of Bradford & Forbes, Bountiful, for defendant-respondent.

ELLETT, Justice.

By a divorce decree dated April 3, 1968, the defendant was awarded the custody of the minor children of the parties. The findings of fact, upon which the decree was based, specifically found that the plaintiff was not a fit and proper person to have the custody of the children and that the welfare of the children would best be served by awarding their custody to the defendant.

On December 17, 1968, a hearing was had upon plaintiff's petition to modify the decree of divorce and to award the minor children to her. The court dismissed the petition upon motion after plaintiff and her two witnesses had testified. This appeal followed.

■ Only the appellant submitted a brief in this matter; however, we do not necessarily refuse to consider an appeal simply because a respondent is unable or unwilling to defend his judgment.[1] We reverse the trial court only when he has committed error which is prejudicial to the result reached, and not because of a default on the part of the successful litigant.

The plaintiff's brief does not comply with Rule 75(p) (2), U.R.C.P., in that it does not contain a statement of points upon which appellant intends to rely for a reversal of the judgment or order of the court below. However, as best we can determine it, she thinks the trial judge erred in not talking privately with the children after both counsel invited him to do so.

Our statutes set forth the qualifications of witnesses as follows:

All persons, without exception, otherwise than as specified in this chapter, who, having organs of sense, can perceive, and, perceiving, can make known their perceptions to others, may be witnesses. * * *[2]

The following persons cannot be witnesses:

\*     \*     \*     \*     \*     \*

(2) Children under ten years of age, who appear incapable of receiving just impressions of the facts respecting which they are examined, or of relating them truly.[3]

Rule 43(a), U.R.C.P., reads as follows:

In all trials the testimony of witnesses shall be taken orally in open court, unless otherwise provided by these rules * * *.

■■ Two of the children were under ten years of age at the time, and the trial court had a discretion as to whether they should be permitted to testify in court. The other two were competent witnesses and could have been called.[4] If the court had refused to allow them to testify as he indicated, counsel could have made a tender

---

1. Jones v. Logan City Corporation, 19 Utah 2d 169, 428 P.2d 160 (1967). Palfreyman v. Bates & Rogers Const. Co., 108 Utah 142, 158 P.2d 132 (1945).
2. Sec. 78–24–1, U.C.A.1953.
3. Sec. 78–24–2, U.C.A.1953.
4. In reply to the dissent filed herein, counsel for appellant made it clear to the court that he did not intend to call the children as witnesses in the next to the last statement he made in connec-

tion with the trial, to wit: "Because—as I indicated to the Court—I rely upon the statements of the children, which I could do from the witness stand, but in the best interest of the children I believe that it would be best served by having the Court interview the children, and I'll rely on the testimony and the statements of the children for the balance of my case."

of their testimony, which would have preserved his record. In this matter the court could have talked to the children but was under no duty to do so. He expressed himself in no uncertain terms that he would not talk privately to them, and then regarding having them testify he said:

> I don't intend to put these children on the witness stand—under oath, at their age—to tell the truth, the whole truth and nothing but the truth so help them God, and then rely on their testimony to determine whether either or [sic] the parents of these children is unfit to have the custody of the children; or whether they have been bribed, insinuated to, threatened, promised gifts, money, and a hundred and one other things, to induce them to go from paw to maw, or from maw to paw.

> I don't intend to do that, and I don't think you people ought to have even the remotest desire in God's world to prostitute your own children that way.

Counsel for plaintiff never made a tender of proof, and so we are unable to say that it was error not to talk to the children in chambers. For all we know, each of the

children would have spoken favorably of defendant and expressed a desire to remain with him.

The order of the trial court is affirmed. Each party will bear his own costs.

CROCKETT, C. J., and TUCKETT, J., concur.

HENRIOD, Justice (dissenting).

I dissent.

The main opinion says that "as best we can determine it she (plaintiff) thinks the trial judge erred in not talking privately with the children."

It is difficult to see how the author of the main opinion arrived at this conclusion, since neither the record nor the brief makes any such claim on appeal. In clear, printed language, plaintiff's sole point on appeal, provoked by the official transcript, is stated as the first sentence under "Argument": "It is reversible error for the trial court to deny to the Plaintiff the *opportunity of producing evidence* from the minor children of the parties.[1] The main opinion does not answer this point on appeal at all, but ignores it and answers what the author

---

1. The main opinion accurately states that plaintiff did not comply with Rule 75 (p) (2) U.R.C.P., in that it failed to state points on appeal, if it refers only to a failure to note them in the "Table of Contents". Actually the point relied on was stated elsewhere as pointed out supra. Significant it is that the main opinion does not mention a much more serious infraction of the rules by the *respondent*, when, in his indifference to this court, *it filed no brief at all*, which is an obvious violation of Rule 75(p) (1). The main opinion is not based on infraction of the rules on appeal, nor did anyone but the author of the opinion raise the matter. Had it been otherwise, there is something to be said, sup-

thinks the plaintiff thinks is the error committed by the trial court.

Nowhere in the record or in the brief does the plaintiff claim the trial court erred in refusing to interview the children as the main opinion would lead us to believe. The error claimed is in the *court's refusal to let them testify at all.* To say that counsel's failure to make a proffer of proof as to what these children would or might say cures a denial of the right to call competent, qualified witnesses seems novel, absurd, constitutionally questionable and wholly unsupported by any authority cited in the main opinion. The record clearly. discloses that the trial court was not going to pay a whit of attention to what these children would say in a private interview, by public statement under oath while on the witness stand,—and most certainly not by any words put in their mouths by the useless gesture of a proffer of proof. The witnesses were available for examination under oath.

It would be a strange judicial system if a case could be presented to a court that recognized only proffers of proof as substitutes for real, live witnesses, with brains and memories, where they would be subject to the threat of use of the most potent weapon known to the judiciary for carving out the truth,—that of cross-examination.

The main opinion urges that counsel for plaintiff made it clear that he did not intend to call the children as witnesses, and quotes an excerpt of what counsel said in the record, which seems to be out of context. A casual reading of the whole record indicates that counsel said what Mr. Justice Ellett said he said, *conditioned* on the trial judge's condescension to question the children privately, which he never did and which he refused to do, so far as reflected by the record,—and which the author of the main opinion himself conceded the trial court refused to do, by saying that the trial judge *"expressed himself in no uncertain terms that he would not talk privately to them."* Counsel's statements thereafter indicate that failing such private interview, he would be allowed to examine the children in open court. To determine otherwise from this record is to cast counsel for plaintiff in the role of stranger to the truth, when he said in his brief, presumably in good faith, that:

"Here, the Judge, without any attempt to determine the competency of the minor children to testify, refused to permit the plaintiff to introduce such evidence, either in the manner agreed to and stipulated by the parties, to wit, in a private hearing with the Judge, or to permit them to be called as witnesses."

ported by authority, to the effect that this case should be decided in favor of the plaintiff *under the rules.* (See Lepa-

siotes v. Dinsdale, 121 Utah 359, 242 P. 2d 297 (1952).

Of course, we do not have the benefit or courtesy of a respondent's appeal brief to support the contentions of the main opinion. See footnote 1, supra.

The cold facts of this case and the legitimate basis for an appeal are that the trial judge refused to listen to the children (ages 14, 10, 8 and 2), under any circumstances whatever,[2] made no effort to canvass their capacity to testify, in spite of the provisions of Title 78–24–1 and 2,[3] and completely ignored Rule 43(a), U.R.C.P.[4]

The main opinion, in support of its conclusion, says the court had a discretion as to whether the two youngest (8 and 2) would be allowed to testify. True, especially as to the 2-year old,—but not with respect to the 8-year old, unless tested with respect to capabilities under 78–24–2, supra. Certainly such discretion did not apply to the children 10 years or older without questioning them as to their powers of perception and capabilities to make such perceptions known to others.

In support of the opinion, the author quotes a homely and somewhat unorthodox trial judge's refusal to permit a witness to testify. A casual reading of the quotation taken from the trial court reflects not only a refusal to permit erstwhile competent witnesses to testify, but an unwarranted refusal to follow the clear interdictions of the legislation and rule mentioned supra.

This case should be remanded for further proceedings consonant with what is said hereinabove. (Emphasis supplied).

CALLISTER, Justice (dissenting).

I concur with the dissenting opinion of Justice Henriod. However, I believe that

2. Private interviews with children in divorce cases generally are condoned. See 99 A.L.R.2d 954; Austad v. Austad, 2 Utah 2d 49, 269 P.2d 284, 48 A.L.R. 2d 256 (1954). Kreutzer v. Kreutzer, 226 Or. 158, 359 P.2d 536 (1961); "So far as appears, the children were competent witnesses. * * * Consequently, the right of the defendant to call the children to the stand and to elicit testimony from them material to the issues was precisely the same as it would have been in the case of any other competent witness. This, of course, is a fundamental right. [Citations] In divorce cases, it seems to be uniformly held that the court has no authority to exclude the testimony of children of the parties of tender years if they are otherwise competent witnesses. [Citations] There is no reason for a different rule in a proceeding for modification of a provision in a divorce decree granting the custody of children,

for the parties to such a controversy have the same right to present evidence in open court as in any other case."

3. 78–24–1. "Who may be witnesses * * * All persons, *without exception,* otherwise than as specified in this chapter, who, having organs of sense, can perceive, and, perceiving, can make known their perceptions to others, may be witnesses."
78–24–2. "Who may not be witnesses: * * * (2) Children under ten years of age, who appear *incapable of receiving just impressions of the facts* respecting which they are examined, or of relating them truly."

4. "Form and Admissibility. In all trials the testimony of witnesses shall be *taken orally* in *open court,* unless otherwise provided by these rules. All evidence shall be admitted which is admissible under the statutes of this state or under the rules of evidence heretofore applied in the courts of this state."

the motion filed by respondent, wherein he moved this court to decide the instant matter solely upon the brief of the plaintiff-appellant, is a significant factor in the proper disposition of this case. This motion, in light of the debatable character of the issue before this court, is tantamount to a confession of error.

" * * * Generally, where there are debatable issues and the appellee fails to file an answering brief, such failure is a confession of reversible error on the part of the appellee. * * * "[1]

This case should be reversed and remanded to the trial court for a new hearing.

1. Solomon v. Solomon, 5 Ariz.App. 352, 427 P.2d 156, 158 (1967) ; also see Del Castillo v. Harbour, 8 Ariz.App. 233, 445 P.2d 181, 183 (1968).