477 P.2d 788

Dallas B. JOHNSON and Jessie W. Johnson, his wife, Plaintiffs and Appellants,

v.

R. H. SESSIONS and Hazel June Dean, Defendants and Respondents.

No. 12072.

Supreme Court of Utah.

Dec. 7, 1970.

Henriod, J., concurred and filed opinion.

Philip C. Pugsley of Pugsley, Hayes, Watkiss, Campbell & Cowley, Salt Lake City, for plaintiffs-appellants.

Don E. Hammill of Dansie, Ellett & Hammill, Murray, for defendants-respondents.

ELLETT, Justice:

This matter was commenced in 1969 and involves a boundary dispute between neighbors. The plaintiffs appeal from a ruling in favor of the defendants, claiming that the evidence will not support the ruling of the trial court. No reply brief has been filed by the respondents. While this court does not reverse a trial court simply because the prevailing party does not answer the appeal, nevertheless the failure to file a brief or make an oral argument, as Justice Callister said in his concurring opinion in the case of Jones v. Logan City, 19 Utah 2d 169, 428 P.2d 160, "* * * [I]ndicates, to say the least, a complete indifference as to this court's disposition of the appeal. * * *"

The trial court found a boundary by acquiescence in that a fence was erected by the then owners of the lots some 21 years prior to the commencement of this litigation. The appellants complain about that finding. While they admit that a retaining wall was constructed in 1962 and 1963 where the fence was, they say there was no proof that the 1948 fence remained until 1962.

The trial court would be permitted to find that the fence as erected would be in the same place unless there was some proof to show that it had been moved. Fences just do not move of their own accord, and if appellants thought that the location of the fence had been changed between 1948 and 1962 they should have presented some evidence to that effect.

It was one of the plaintiffs himself who tore down the fence and erected the retaining wall. He testified that he thought he erected it on the property line. He also testified that when he purchased his property in 1961 the seller pointed out to him where the boundaries were and that he had a full 40-foot frontage to his property as shown to him.

It seems that the lots in the neighborhood were all about two feet over from the present-day survey. The appellants and their neighbor on the opposite side from the respondents settled their differences so as to avoid litigation and to permit appellants to use the land which they

thought they owned prior to the new survey.

The appellants brought this action to quiet title to some two feet of land and to compel the respondents to remove their garage which was built many years ago (sometime prior to 1948).

The trial judge in deciding this matter stated: " * * * It therefore clearly appears that the property line has not only been established by long acquiescence, but further that the plaintiffs should be estopped from now asserting that the line, as established by the fence, is not the correct and proper boundary line, in view of their own conduct."

The question, as to the length of time required for a boundary by acquiescence to be established has never been definitely fixed. The case of Ekberg v. Bates, 121 Utah 123, 239 P.2d 205, points out that each case must usually be determined on its own facts. It was there stated:

In the instant case as we have pointed out above there was a period of actual acquiescence for more than 7 years (the Utah limitations period for adverse possession) before appellants acquired their title and under all the circumstances shown herein that was a sufficient length of time to establish the line so that appellants are precluded from claiming that it is not the true line.

In his concurring opinion Justice Wolfe stated:

Under the facts and circumstances of this case, where there is positive evidence of the establishment of the fence line plus continuing acquiescence thereafter, I am willing to agree that "acquiescence for a long period of time" heretofore required by our doctrine may be as short as seven years, thus conforming to the period provided by the statute of limitations for actions or defenses founded upon title to real property. * * *

In the later case of King v. Fronk, 14 Utah 2d 135, 378 P.2d 893, Mr. Justice Henriod in writing for the majority of the court said:

Boiled down, it seems to us that establishment of boundary by acquiescence may be predicated upon the existence of a visibly monumented line persisting for at least 20 years or upwards, shown specifically or circumstantially, in order to meet or exceed the requirements of acquiring rights by prescription. * *

* * * The parade of cases to date calls on equity to flex its muscles only to pull the period below 20 years in the rarest of cases involving the doctrine of boundary by acquiescence.

There was a visible, marked, boundary line between the land of the plaintiffs and

**136**

defendants herein for over 21 years and the trial judge was fully warranted in holding that the appellants could not now question that line.

The judgment is affirmed with costs to the respondents.

CROCKETT, C. J., and CALLISTER and TUCKETT, JJ., concur.

HENRIOD, Justice (concurring) :

I concur because the direct and circumstantial evidence reflect a long period of time, beyond the prescriptive period, where everyone acquiesced in a monumentally visible line separating the adjoining properties. However, if the main opinion, by citing Ekberg v. Bates and calling attention to certain language of its author, Mr. Justice Wade, and the concurrence of Mr. Chief Justice Wolfe, with reference to the seven-year adverse possession statute, implies that the seven-year occupancy provision therein has anything to do with the doctrine of boundary by acquiescence, I would be bound to disagree. I think the references to such statute simply were observations, not suggestions, since the period of acquiescence justifiably found by the trial court in that case exceeded the 20-year prescriptive period. I think it only confusing to refer to those gratuitous and wholly unauthoritative observations.