## BECKSTEAD v. BRINTON et ux.

No. 6617.   Decided October 25, 1943.   (142 P. 2d 409.)

*Barclay & Barclay*, of Salt Lake City, for appellants.

*O. H. Matthews and P. G. Ellis*, both of Salt Lake City, for respondent.

WOLFE, Chief Justice.

Unlawful detainer to recover possession of certain premises located in Salt Lake City, Utah.   Plaintiff, respondent,

framed his complaint on the theory that he must comply with the laws, rules and regulations of the Office of Price Administration of the United States (O. P. A.) before he could recover possession. As a ground for eviction under such laws and regulations he alleged that he sought possession of said premises for occupancy by himself and family. The appellants denied that respondent wanted the premises for his own occupancy and alleged that he contemplated renting the premises to other tenants.

In this regard the court found in favor of the respondent—that is, it found that he in good faith wanted the premises for his own use. By way of assignment of error it is urged that this finding is contrary to the clear weight of the evidence. It is not necessary to set out at length the evidence relating to this issue. It is in direct conflict so that the trial court could have readily found either way. Under such a fact situation we shall not disturb the finding of the lower court. *Tracy Loan & Trust Co.* v. *Openshaw Investment Co.*, 102 Utah 509, 132 P. 2d 388.

The findings and conclusions entered are sufficient to support the judgment under both the Utah law and under the rules and regulations of the O. P. A. We are, however, confronted with an anomalous situation wherein the trial judge indicated emphatically and positively throughout the trial that he would not consider the rules and regulations of the O. P. A. or the evidence relating thereto, and yet he entered a finding which is based upon them.

Early in the course of the trial the judge stated that he was "not interested in what the Federal Government tries to say about which one of these people lives in the house." He also stated that:

"I am following the law of the State of Utah. I don't believe the Federal Government had the right to interfere with any man's property. Some higher court than I am can say that is necessary to winning the war, to keep one man in and another out. I can see no relationship at all. I think it is clearly beyond the power of Congress to do it."

And again during the trial he, in regard to the introduction of evidence adduced to show that the respondent in good faith wanted the premises for his own use, stated:

"I am not interested. I will tell you that it isn't influencing me in the slightest. All I want to know is if he owns the place and fifteen days prior to the term date he gave notice. That's the only thing I am interested in."

At another point at the close of the trial and before oral argument he again stated that the only two questions that he would consider were whether the respondent owned the place and whether he had given notice.

In the face of these emphatic declarations that the evidence on this issue was not going to be considered, the trial judge made a finding that the respondent in good faith wanted the premises for his own occupancy. This finding had absolutely no materiality under the view which the court first announced it would take. It became important and necessary only in event the court was to consider the applicability of the O. P. A. regulations. It indicates that the trial judge either changed his mind in regard to the consideration of said rules and regulations or else he decided that, since the respondent had made out a good case under both the Utah law and under the O. P. A regulations, it was unnecessary to decide the question. No warning whatsoever was given to counsel that he had changed his mind and was now going to consider the evidence relating to this issue.

If he changed his mind he should have so indicated in time to permit counsel to fashion his case accordingly and perhaps press with more vigor evidence which, while it was admitted, was so dammed as to discourage counsel in using it to the extent which he might otherwise have done. But in the last analysis the only question we need now decide is whether or not appellants were prejudiced in the trial of the case by this apparent change of position by the trial judge without notification to appellants of the change.

The court gave the parties ample opportunity to present all their evidence relating to the question as to whether respondent wanted the premises for his own occupancy. There is nothing whatever in the record or briefs to indicate that both parties did not do so. Nor have the appellants otherwise shown prejudice by this conduct which would warrant a reversal of the trial court. This question as to whether the respondent in good faith desired the premises for his own occupancy was the only issue tendered which involved the rules and regulations of the O. P. A. Apparently all the evidence relating to this issue was given. We must assume that the trial judge, before making the finding relating to it, considered the evidence presented. In the absence of a showing on motion for a new trial that appellants were prejudiced by the lack of notification that the court had experienced a change of mind we must presume that they were not prejudiced by such failure to be apprised.

We find no prejudicial error. Judgment affirmed with costs to the respondent.

LARSON, McDONOUGH, MOFFAT, and WADE, JJ., concur.