310 P.2d 394

Alvie PETERSON, Plaintiff and Respondent,

v.

Roydon K. McCULLOUGH, d/b/a Roydon K. McCullough Co., Defendant, Third-Party Plaintiff and Appellant,

Henry L. ASHTON et al., Third-Party Defendants and Respondents.

No. 8298.

Supreme Court of Utah.

April 22, 1957.

208

McCullough, Boyce & McCullough, Salt Lake City, for third-party plaintiff and appellant.

Glen S. Hatch, Salt Lake City, for plaintiff and respondent.

A. M. Marsden, Clifford L. Ashton, Romney & Boyer, Owen Reichman, George L. Nelson, Salt Lake City, for third-party defendants and respondents.

WORTHEN, Justice.

Defendant and third-party plaintiff appeals from a judgment of $9,571.26 entered against him in favor of plaintiff and from the judgments entered against him and in favor of third-party defendants.

This action was brought for breach of a contract for the construction of the Richy theatre building at 838 West North Temple, Salt Lake City, Utah. Plaintiff entered into a building contract with defendant McCullough wherein defendant agreed to construct the theatre building in accordance with certain plans and specifications designed by Paul K. Evans, an architect. Third-party defendants Henry L. Ashton, Lambert Roofing Company, and William A. Earl and Son were the masonry, roofing, and plastering subcontractors, respectively. These subcontractors agreed with defendant McCullough to perform their subcontracts in accordance with the plans and specifications. Third-party defendant Buehner Cinder Block Company furnished the hollow concrete masonry units used in the construction of the theatre building.

The contract of construction was entered into on November 2, 1949, and construction was begun shortly thereafter. During the course of construction and at the stage thereof when the walls were under construction and approximately two-thirds completed, plaintiff observed upon a visit to the job site that the reinforcing steel was not being placed in the walls in accordance with the specifications in that the steel was not being properly imbedded in mortar. As a result of negotiations stemming from plaintiff's complaint about this faulty workmanship, plaintiff and defendants McCullough and Ashton entered into an agreement wherein in consideration for the failure to properly imbed the steel in

mortar, defendants McCullough and Ashton agreed to "thoroughly point up and fill all masonry joints in the exterior of the hollow block masonry work" and "to paint these walls with a heavy coat of lead and oil paint." The agreement also provided:

"This work is to be done in full compensation for our failure to install certain items of steel, in the hollow block pilasters and walls, in a satisfactory manner, also for our failure to fill pilaster cores with cement mortar and to completely bed vertical block joints as shown and specified."

Plaintiff contends this work was never performed in accordance with the agreement, although he admits that the walls were painted. Plaintiff also stated that although he went down to the job site several times a day, he did not inspect the premises for defects or deviations from the plans and specifications. He also had hired no supervising architect, stating that he had trusted McCullough to perform the construction of the building in accordance with the plans and specifications. The building was substantially completed, was turned over to plaintiff in April, 1950, and was fully paid for by him.

Shortly after the building was built, small cracking was observed in the structure, and plaintiff testified that very substantial cracking occurred in the fall of 1951. Plaintiff likewise testified that the roof leaked, ruining carpeting and drapery in the building, that the plaster cracked and developed holes, that the floor was laid with a rough finish without sand topping as called for in the specifications and consequently could not be cleaned, and that there was excessive cracking in the block walls of the theatre, which soon resulted in block-shaped black marks on the inner walls. There was also testimony that there was excessive shrinkage in the concrete masonry units and also defective walls because the concrete masonry units were sub-standard for the work required and not in accordance with the plans and specifications. The net effect of these conditions was that within a year and a half following erection of the building, it became dirty and untenable. It also became unsafe because water leaked from the roof into electrical outlets used to operate the motion picture equipment.

Plaintiff brought this action against defendant McCullough on December 3, 1951, and alleged that defendant McCullough had not completed erection of the building in accordance with the plans and specifications and that the portion that had been erected was erected in an unskillful and negligent manner and of unsuitable and inferior material not in accordance with the plans and specifications. Plaintiff was allowed to amend his complaint to specify that there was a lack of mortar in the masonry of the building and that the cement floors

and walks were not covered with sand topping to conform to the specifications. Plaintiff prayed judgment against defendant for $60,000.

Defendant McCullough answered the complaint, alleging that the building was completed in accordance with the plans and specifications and further alleging that plaintiff had waived any defects by failing to complain within a reasonable time and is therefore estopped from asserting any rights against defendant. Defendant also alleged that all of plaintiff's complaints had been incorporated into the further agreement signed between plaintiff and defendants McCullough and Ashton and that plaintiff had waived all defects not incorporated therein. Plaintiff denied waiver of defects and also denied that the work under the further agreement was performed as agreed.

Defendant McCullough petitioned for and obtained leave of court to file third-party complaints against Lambert Roofing Company, Henry L. Ashton, William A. Earl and Son, and Buehner Cinder Block Company. In these third-party complaints defendant McCullough adopted the allegations of plaintiff's complaint against him and alleged that if the matters therein complained of were true then recovery should be had against third-party defendants since they as subcontractors were responsible for the breach of contract, if any had occurred.

He alleged that if the court found for plaintiff on any portion of the construction work which the subcontractors had agreed to perform, then and in such case defendant be given judgment against said subcontractors in the same amount as plaintiff was awarded judgment.

Third-party defendants in their answer denied the allegations of the complaint that the work was unsuitable and alleged that third-party plaintiff had permitted deviations from the plans and specifications and had waived any defects and had paid in full for the work. Third-party defendant Henry L. Ashton further set up the agreement between himself and plaintiff and defendant in defense to the claim of defendant and third-party plaintiff.

The action was dismissed against third-party defendant Lambert Roofing Company before trial for the reason that no claim had been filed against Lambert's estate within the time allowed for filing claims against the estate of a deceased person under the provisions of Title 75, U.C.A.1953. At the close of the trial, the action was dismissed against Buehner Cinder Block Company for failure to offer any proof of its liability.

The action, having been tried to the court, was taken under advisement by him on March 4, 1954, and on July 30, 1954, the court rendered his memorandum decision,

finding for plaintiff and against defendant McCullough as follows:

"For damages arising by reason of defective material and work done in roofing building; damage to drapes, woodwork, equipment, decorations, etc.     $1,000.00
Expense and cost to repair roof or re-roof building.     1,500.00
For use of building stone and cinder block different than that provided by contract, lack of mortar in masonry work, and defective plaster requiring re-plastering of building.     6,300.00
For repairs to cement floors.     300.00
For loss of revenue during time building will be under repair.     357.66
For removal, storage and replacement of equipment.     350.00
Total Judgment     $9,807.66"

The court later reduced the amount for loss of revenue to $121.26 and judgment was entered in favor of plaintiff and against defendant McCullough in the amount of $9,571.26. The court also found in favor of third-party defendants against third-party plaintiff and entered a judgment of no cause of action for the reason that third-party plaintiff had waived any claim against third-party defendants.

Defendant McCullough appeals from the judgment of the court and alleges that the court erred in finding: (1) use of building stone and cinder block different from that provided in the plans and specifications; (2) a lack of mortar in the masonry work; (3) use of defective plaster; and (4) non-waiver by plaintiff of all defects. He further alleges that if it be determined that the court did not err in these findings, then as a matter of law it erred in exonerating third-party defendants who performed the work, by finding waiver on his part.

The basic questions raised on this appeal all concern the sufficiency of the evidence to justify the findings. On most points the evidence sharply conflicted. Assuming that we may have found differently on some or all of the questions had we been called upon to pass upon them in the first instance, still we cannot say that the weight of the evidence is so clearly against the findings of the trial court as to require us to reverse it. The trial court heard the witnesses, examined the exhibits and viewed the premises and we are unable to say that his decision was against the clear weight of the evidence.[1]

Plaintiff's evidence tended to establish that (1) the "pumice" block that was used in the building did not fall into the category of "concrete" block called for in the specifications; (2) there was a lack of mortar in the masonry, especially in the vertical joints thereof; (3) a plaster different from that called for by the specifications was used; and (4) plaintiff had not consented to any deviation from the specifications nor waived any defects. The further agreement rather than establishing a waiver of defects evidenced an insistence on compliance.

Nor do we believe that the trial court erred in exonerating third-party defendants

1. See Beckstead v. Brinton, 105 Utah 395, 142 P.2d 409.

212

since the third-party plaintiff insisted as defendant that all work done by the subcontractors was proper and had been accepted by him. Further we cannot say that the conclusion reached by the trial court that defendant had consented to any deviation from the specifications on the part of third-party defendants was clearly erroneous.

Judgment affirmed. Costs to respondents.

McDONOUGH, C. J., and CROCKETT, WADE and HENRIOD, JJ., concur.