389 P.2d 143

**Frank FUOCO and Anna Fuoco, Plaintiffs and Appellants,**

v.

**Benjamin H. WILLIAMS and Verna V. Williams, Defendants and Respondents.**

No. 9860.

Supreme Court of Utah.

Feb. 17, 1964.

E. J. Skeen, Salt Lake City, for appellants.

Milton A. Oman, Wallace R. Lauchnor, Salt Lake City, for respondents.

McDONOUGH, Justice.

Appeal from an action tried to the court in which plaintiffs sought to quiet title to a strip of land 20 feet wide. Defendants concede that the plaintiffs had record title to the parcel in dispute, but alleged that the parcel belonged to them by virtue of acquiescence of prior owners for a period in excess of 25 years. The only question submitted to the jury was the location of the ditch and by virtue of their special verdict, the court entered judgment for the defendants, from which the plaintiffs appeal.

The relevant facts are: Plaintiffs and defendants are adjoining land owners near 3900 South and Highland Drive Streets in

Salt Lake County, Utah. The 20-foot strip in dispute, involves the placement of the boundary line between their properties. Defendant Benjamin Williams has lived on the property with his parents since he was a child and since 1934 has been cultivating and farming the parcel in dispute. Prior to 1934, a small irrigation ditch was dug on plaintiffs' predecessors' property *for the purpose of irrigating the plaintiffs' property*. Defendants claim their property runs west from Highland Drive to the irrigation ditch and that the irrigation ditch was put on the property line dividing the two properties. Plaintiffs purchased their property in 1960 and as a result of a survey showing that they had record title to 20 feet of ground being used by the defendants, seek to quiet title to same.

At trial the plaintiffs conceded that the defendants had been cultivating the ground up to the ditch for over 20 years, whereupon, the court limited the remainder of the trial to the question involving the location of the ditch. By placing this limitation on the proceedings of the trial, it appears that the court assumed and ruled as a matter of law, that there was acquiescence in the ditch as a *boundary line* and that the only question to be decided by the jury was the location of the ditch. At the conclusion of the trial the plaintiffs moved for a directed

verdict on the grounds that there was no evidence showing acquiescence in a common boundary line and in absence of such the line established by the record title must stand. The court denied the motion and *submitted the question involving the location of the ditch to the jury* on special verdict and they found in favor of the defendants. The court then entered judgment.

The plaintiffs urge: (1) that the defendants failed to show that the ditch was mutually recognized as a boundary between the landowners and therefore did not establish a boundary by acquiescence, and (2) the trial court erred in refusing to submit to the jury the issue of title by acquiescence.

■ This court over a period of years has formulated four elements which must be shown by the person claiming title by acquiescence in order to raise the presumption that a binding agreement exists settling a dispute or uncertain boundary. These elements are: (1) occupation up to a visible line marked definitely by monuments, fences or buildings and (2) acquiescence in the line as the boundary (3) for a long period of years (4) by adjoining land owners.[1] If these four elements exist then it is incumbent upon him who assails title by acquiescence to show by competent evidence that a boundary was not thus established.[2]

1. Ringwood v. Bradford, 2 Utah 2d 119, 269 P.2d 1053.

2. King v. Fronk, 14 Utah 2d 135, 378 P.2d 893.

But if the party claiming title by acquiescence fails to carry his burden and raise the presumption, then there is no case at all.

In the case at bar it was conceded that defendants had occupied the land up to the ditch for a long period of years and that the dispute was between adjoining land owners. The evidence presented shows the ditch was used for irrigation purposes and the record is void of any evidence showing that the plaintiffs' predecessors ever acquiesced in it as a boundary line; therefore, the first issue must be resolved in favor of the plaintiffs.

As to the second issue, we believe that the court erred in telling the jury that the only question was the location of the small irrigation ditch, since such presentation to the jury was based on the assumption that the irrigation ditch was dug where it was *for the purpose of establishing a boundary* and not for the purpose of irrigating land. Any number of ditches could crisscross one's property for the purpose of irrigating land without any contention or realistic assumption that they were to be boundary lines,—even though by permission, others may have used the dry land in between.

Therefore, the judgment of the trial court is reversed and remanded for a new trial, with instructions to the effect that the judge or jury should determine the matters of whether the ditch was *acquiesced in* over a long period of time, as a *boundary* and not simply as an irrigation medium. Costs to appellants.

HENRIOD, C. J., and CALLISTER and WADE, JJ., concur.

CROCKETT, J., does not participate.