Bradford BAUM and Myrna Ann Baum,
Plaintiffs and Appellants,

v.

Leo S. DEFA et al., Defendants
and Respondents.

No. 13457.

Supreme Court of Utah.

Aug. 20, 1974.

David Sam, Sam & Mangan, Duchesne, for plaintiffs and appellants.

Hugh W. Colton, Vernal, for defendants and respondents.

CROCKETT, Justice:

This case involves an interfamily dispute over the boundary line between adjoining properties owned by plaintiffs Baum and the defendants Defa near the town of Hanna in Duchesne County. Both derived their titles through the same grantor, paterfamilias, Frank Defa. The dispute arises because in making deeds to these parties (or predecessors) he used straight-line metes and bounds descriptions upon which plaintiffs rely; whereas, the defendants rely on boundary by acquiescence in generally parallel but somewhat crooked fence lines which were built before the deeds divided the property. Upon a plenary trial to the court, findings were made in favor of the defendants, except as to one small segment of the disputed fence line, and judgment entered accordingly. Plaintiffs appeal; and defendants cross-appeal as to the one segment.

Frank Defa, who formerly owned the properties, was the husband of Mary Defa, and the father of the defendant Leo Defa; and also the father of Rosie E. Fabrizio who married Charles Fabrizio. In 1938 Frank Defa conveyed the plaintiffs' tract to Charles Fabrizio by the metes and bounds description as above mentioned, who in turn conveyed to the plaintiffs. On the defendants' side, one tract was devised by Frank Defa's will to his wife, Mary Defa (mother to other parties involved); and another tract was conveyed

in 1947 to son defendant Leo S. Defa and his wife Nettie. It therefore appears that the division of ownership occurred on those dates; and that as to part of the property, continuously since 1938, and to the rest, since 1947 (26 years before this suit), there have existed the fence lines relied on by defendants separating their property from that of the plaintiffs.

The evidence is that the fence boundaries of concern here follow generally along the line described in the deeds, but that for convenience it was in certain places tied to trees or other objects so that in some places it overlapped on plaintiffs' side, while in others it overlapped on the defendants' side, and that upon a reconciliation, there is not very much difference in the give-and-take of the total area. It also appears that there was no difficulty between the parties until after the marriage of Myrna Fabrizio to the plaintiff Bradford Baum, after which dispute developed, followed by this lawsuit.

The doctrine of boundary by acquiescence derives from realization, ancient in our law, that the peace and good order of society is best served by leaving at rest possible disputes over long established boundaries. Its essence is that where there has been any type of a recognizable physical boundary, which has been accepted as such for a long period of time,[1] it should be presumed that any dispute or disagreement over the boundary has been reconciled in some manner.[2] Inasmuch as this is decision made law, there is no exact period which constitutes such "long period of time." However, it has usually been related to the prescriptive period of 20 years which was regarded at common law as the time "since the memory of man runneth not to the contrary." Nevertheless, as was

1. See recent case of Wright v. Clissold, Utah, 521 P.2d 1224, citing the case of Fuoco v. Williams, 15 Utah 2d 156, 389 P.2d 143, wherein this court set forth the requisite four elements as: (1) occupation up to a visible line marked definitely by monuments, fences or buildings and (2) acquiescence in the line

as the boundary (3) for a long period of years (4) by adjoining land owners, also see Johnson v. Sessions, 25 Utah 2d 133, 477 P.2d 788.

2. Cf. 3 Utah L.Rev. 504 and authorities therein cited.

pointed out in the case of King v. Fronk,[3] this may depend upon the circumstances of the individual case.

In support of their contention that the principles just discussed do not control in the fact situation here, the plaintiffs urge two propositions: First, that the fences claimed as boundaries by the defendants were constructed on the property by pater-familias Frank Defa when it was in his sole ownership; that they were thus not intended as boundaries between tracts of land, but simply as barriers to control livestock. Second, to be considered with and as supporting the first, is the fact that the fences do not run in a straight line and therefore would not reasonably be regarded by the parties as a boundary.

■ As to the first proposition: It is not to be questioned that if an owner of property puts up a fence simply as a barrier to separate one part of his property from the other, for some purpose of his own convenience, such as to confine animals in a pasture, or to keep them out of certain areas, such a fence is properly referred to as a barrier, and not as a boundary.[4] The period of time that a fence exists under such circumstances as a barrier will not constitute part of the "long period of time" requisite to establish a boundary by acquiescence. On the other hand, if the property on either side of such a fence is conveyed to separate parties, so that there comes into being separate ownership of the tracts on either side, and the circumstances are such that the parties should reasonably be assumed to accept the fence as the boundary between their properties, then from that time on, the time during which the fence continues to exist, should be regarded as going toward fulfilling the time requirement for the establishment of a boundary by acquiescence. Ac-

cording to the facts as found by the trial court, that appears to be the situation here.

■ Plaintiffs' argument on their second proposition is that because the fences did not follow the straight-line calls of the deeds, but form somewhat of a "zigzag" line, it should be obvious that the parties would know that the fence was not the true boundary; and that it is unrealistic and illogical to suppose that they would have so regarded it and acquiesced therein. It is true that most surveys, and most calls in conveyances, run in straight lines. But many do not, particularly those which are tied to or fashioned by natural features such as streams or lakes, cliffs or mountains. If the proper circumstances are present, we know of no reason why the doctrine of boundary by acquiescence should not apply with the same effect to irregular boundaries as it does to those of straight lines.[5] To do otherwise would defeat the very purpose for which it was established and has been so long respected in our law, as discussed in the authorities cited herein.

■ The defendants have cross-appealed, attacking the trial court's refusal to find a boundary by acquiescence in a short segment of the fence near the north end of the property, near a store operated by Fabrizios, where there have been some agreed upon changes in the fence line. Under the traditional rules of review, according verity to the findings and judgment of the trial court,[6] which apply to all aspects of this appeal, we are not persuaded that his ruling in that regard should be disturbed.

Consequent to what has been stated above, it is our opinion that there is substantial competent evidence to support the trial court's findings and judgment; and that they should not be disturbed.

3. 14 Utah 2d 135, 378 P.2d 893.

4. See Wright v. Clissold, footnote 1 above.

5. See a comparable case of Willie v. Local Realty, 110 Utah 523, 175 P.2d 718, where a boundary by acquiescence was sustained even though it did not conform to the survey, but followed a "zigzaggy" line.

6. Branch v. Western Factors, Inc., 28 Utah 2d 361, 502 P.2d 570.

Affirmed. In view of the fact that there is an appeal and a cross-appeal, the parties shall bear their own costs.

CALLISTER, C. J., and HENRIOD, ELLETT and TUCKETT, JJ., concur.