**Glen L. HALL and Verona W. Hall, husband and wife, Plaintiffs and Appellants,**

v.

**Grace M. BINGHAM, Defendant and Respondent.**

**No. 13646.**

Supreme Court of Utah.

Nov. 5, 1974.

---

1. Browning v. Equitable Life Assur. Soc., 94 Utah 570, 80 P.2d 348; Griffin v. Prudential Ins. Co. of America, 102 Utah 563, 133 P.2d 333.

Robert E. Froerer, Froerer, Horowitz, Parker, Thornley Critchlow & Jensen, Ogden, for plaintiffs and appellants.

La Var E. Stark, Ogden, for defendant and respondent.

TUCKETT, Justice:

The plaintiffs initiated these proceedings in the District Court of Weber County seeking injunctive relief against the defendant to restrain her from destroying and interfering with a certain fence which existed between plaintiffs' property and that of the defendant. The plaintiffs also seek to have their title quieted and for damages against the defendant for slander of title. The trial court granted the defendant's motion for a summary judgment, and the plaintiffs appeal.

Plaintiffs and the defendant are owners of contiguous tracts of land. The plaintiffs acquired the land they now occupy in 1937 as well as the land now claimed by the defendant. In 1962, the plaintiffs conveyed by warranty deed a parcel of the lands belonging to them to Simmons and Wiberg Investment Corporation. Through mesne conveyances the defendant acquired the property which had been conveyed to Simmons and Wiberg. At or about the time of the conveyance to Simmons and Wiberg that corporation executed a unilat-eral agreement or declaration to the effect that a certain fence line along the south boundaries of the property would constitute the property line and boundary dividing that property from that retained by the plaintiffs. That contract was not recorded. After the defendant purchased the property she now occupies she had her south boundary line established by a survey. It developed that the south boundary of her property was to the south of the old fence line. The defendant undertook to establish a new boundary by erecting a fence along the survey line. The plaintiffs commenced these proceedings to prevent the defendant from accomplishing her purpose.

It is the plaintiffs' contention that there has existed a boundary by acquiescence between the contiguous parcels of land and that the defendant had no right to claim ownership of that parcel lying between the so-called boundary by acquiescence and that described in the deeds.

This is not a boundary by acquiescence case. Even though the plaintiffs claim that the boundary by acquiescence had been established prior to the time they conveyed to Simmons and Wiberg, nevertheless they conveyed by warranty deed and the calls in their deed did not conform to the boundary they now claim was established by acquiescence. The plaintiffs having conveyed away the tract of land now owned by defendant without regard to their claimed boundary by acquiescence they cannot now claim they are entitled to relief from their own conveyance.

The order of the court below is affirmed. Respondent is entitled to costs.

HENRIOD and ELLETT, JJ., concur.

CROCKETT, Justice (concurring in result, but expressing reservations):

I do not have any strong conviction of dissent from the result reached here. However, because of my apprehensions as to how the main opinion as written may be

applied to other fact situations, I make the following comments:

The fundamental proposition of the main opinion seems to be that if one deeds away his property, part of which is overlapped by an ancient fence, he conveys the entire property, according to the deed description, including the overlapped strip. With this I do not disagree. But my difficulty is with the assertion that "this is not a boundary by acquiescence case," which is what the plaintiffs asserted and relied on; and the statement that "the plaintiffs having conveyed away the tract of land now owned by defendant without regard to their claimed boundary by acquiescence, they cannot now claim they are entitled to relief from their own conveyance." It seems to be that this is susceptible of being understood as meaning that after any such grantor has so conveyed his property, he may always thereafter be precluded from claiming boundary by acquiescence, because he could not challenge his own deed. Whereas, it is my view that after such a deed is made, if the fence continues to exist in such manner that the parties should be deemed to regard it as a boundary, and this persists for a sufficient length of time, the doctrine of boundary by acquiescence applies.[1] I can see no reason why it should not apply to a grantor, as well as to a grantee, or any other property holder, however that status came about.

In this case there could be only eleven years between the plaintiffs' granting of the deed to Simmons and Wiberg (defendant's predecessors) and the defendant's challenge of the boundary as not in conformity with the conveyance, which she asserted with reasonable dispatch and diligence after acquiring the property. Wherefore, as indicated above, I have no strong disagreement with the trial court's ruling as a matter of law that under the undisputed facts, there could be no finding of a boundary by acquiescence as between these parties.[2] Although I think it would have been better and more satisfactory procedure for the trial court to take the evidence and find the facts, instead of so ruling on the motion for summary judgment.

CALLISTER, C. J., concurs with CROCKETT, J.

---

1. As to essentials of that doctrine see Fuoco v. Williams, 15 Utah 2d 156, 389 P.2d 143.

2. That no exact period of years is required to constitute the "long period of time" necessary to boundary by acquiescence, but the common law prescriptive period of 20 years is a general guideline see King v. Fronk, 14 Utah 2d 135, 378 P.2d 893.