Stanley K. FLORENCE and Barbara J. Florence, Plaintiffs and Respondents,

v.

HILINE EQUIPMENT COMPANY, James Saracino, Carol Saracino, Clinton C. Groll, Bonnie C. Groll, Paul L. Westbroek, and Becky L. Westbroek, Defendants and Appellants.

No. 15166.

Supreme Court of Utah.

June 14, 1978.

---

9. 28 C.J.S. Easements § 96.

10. Supra, footnote 2.

11. Supra, footnote 9.

Arden E. Coombs, Ogden, for defendants and appellants.

Brian R. Florence, Ogden, for plaintiffs and respondents.

HALL, Justice:

Appeal from a declaratory judgment in which the trial court found that the doctrine of boundary by acquiescence did not apply in determining ownership of a disputed strip of land. We affirm.

Defendant, James Saracino (hereinafter referred to as "Saracino") and plaintiffs own adjoining land located in Uintah, Utah, a community near Ogden. Saracino owns the easterly tract and plaintiffs own the westerly tract. The dispute involves a fence which runs along the east side of plaintiffs' property. The problem is that the fence is from 10 to 28 feet west of true boundary, running diagonally thereto. Plaintiffs claim the strip of land between the fence and the true boundary by legal description and Saracino claims it under the doctrine of boundary by acquiescence. It is undisputed that the fence has existed for many years, evidence presented at trial showing it to have existed as early as 1936. The question we must decide is whether or not the doctrine of boundary by acquiescence applies.

In 1973 Saracino purchased his tract of land on a contract from defendant Hiline Equipment Company. Apparently the purchase was made with the intent to subdivide the property. Saracino hired a surveyor who placed survey markers along the legal description and drew a plat according to that description.

In 1976 plaintiffs purchased from one Ray Whiting a twenty acre parcel of land just west of the Saracino property. Whiting had owned and operated his tract for some 23 years and had also used the property now owned by Saracino as pasture, paying rent therefor. Sometime prior to Saracino's purchase a survey of the property was made by Whiting in conjunction with his purchase of a separate one acre plot just south of the land now disputed. Whiting discovered that the fence was not the true boundary between the property he owned and the property he rented. Shortly after the survey markers were placed along the true boundary in accordance with Saraci-

no's later survey, Whiting commenced construction of a chain link fence along the true boundary. When plaintiffs purchased their property they attempted to complete the construction of the chain link fence and Saracino complained. This suit was filed to settle the dispute.

■ It is well established that if adjoining landowners occupy their respective premises up to a certain line which they mutually recognize and acquiesce in for a long period of time, the true boundary being unknown, they are precluded from claiming that the boundary line thus recognized and acquiesced in is not the true one.[1] The doctrine of boundary by acquiescence was originally an extension of the boundary by agreement doctrine. This latter doctrine may be said to rest somewhere between adverse possession and estoppel.[2]

■ The trial court determined that the doctrine of boundary by acquiescence does not apply to the facts of this case. In his Conclusions of Law the court rules "[t]hat the doctrine of boundary by acquiescence arises only when the true boundary is either unknown, uncertain, or in dispute, none of which was proved in this case." This is consistent with this Court's prior holdings.[3] Although the fence has been in existence for a number of years, there is nothing in the record to support the claim that these parties or any of their predecessors in interest have acquiesced in treating the fence as their mutual boundary. A fence may be maintained between adjoining proprietors for the sake of convenience without the intention of fixing boundaries. Thus agreement to or acquiescence in the establishment of a fence, not as a line marking the boundary, but as a line for other purposes or acquiescence in the mere existence of the fence as a mere barrier, does not preclude the parties from claiming up to the true boundary line.[4]

A further reason for the court ruling as it did is that there is no allegation that any of these specific parties relied upon the fence as being the true boundary. Both Saracino and plaintiffs knew where the true boundary was located and treated it as such. Defendant Groll purchased from Saracino a subdivision lot bordering the disputed boundary line. He testified that the property conveyed to him by deed went only to the legal description, and that he has not been deprived of any footage for which he bargained. This gave rise to the trial court's conclusion "[t]hat none of the parties' interests will be interrupted or cause any inequities by holding that each party is to be the owner of their legally described tracts." This is consistent with our analysis of the facts in *Hobson v. Panguitch Lake Corporation.*[5] In weighing the equities in that case we stated as follows:

> We cannot see the circumstances as justifying a conclusion that the parties acquiesced in regarding this fence as a boundary for the sufficiently long period of time, nor that any greater injustice will result from rectifying the error and establishing the boundary in accordance with the true survey line as described in the Deeds, than would result from depriving the defendants of the property conveyed to them.

■ Likewise, on the facts now before us, we must conclude as did the trial court that the parties have not by their actions

1. 12 Am.Jur.2d Boundaries, Sec. 85; *Rydalch v. Anderson,* 37 Utah 99, 107 P. 25 (1910).

2. 12 Am.Jur.2d Boundaries, Sec. 89.

3. When the location of the true boundary between two adjoining tracts of land is *unknown, uncertain or in dispute* the owners thereof may, by parol agreement, establish the boundary line and thereby irrevocably bind themselves and their grantees. *Brown v. Milliner,* 120 Utah 16, 232 P.2d 202 (1951). Where coterminous landowners know the location of the true boundary line, they may not establish a valid boundary line between their lands by a mere parol agreement at a place other than the true line. Furthermore, land cannot be conveyed from one person to another by merely a change in possession, even though such change in possession continues for a long period of time. *Tripp v. Bagley,* 74 Utah 57, 276 P. 912 (1928).

4. 12 Am.Jur.2d Boundaries, Sec. 88.

5. Utah, 530 P.2d 792 (1975).

relied upon the fence as being the true and actual boundary. Equity will not allow us to do other than to enforce those subtle intentions.[6]

Affirmed. Cost to plaintiffs.

ELLETT, C. J., and MAUGHAN and WILKINS, JJ., concur.

CROCKETT, Justice (concurring with reservation):

I concur except in the statement that "boundary by acquiescence arises only when a true boundary is either unknown, uncertain, or in dispute." It is my opinion that the view which is better considered and better serves the purpose of that doctrine is that it is not necessary that the true boundary was "unknown, uncertain, or in dispute," when the fence or other boundary was established. It is sufficient if there is a dispute when the trouble giving rise to the lawsuit arises. If there has been such a boundary which has been accepted and recognized by the adjoining owners as a boundary for the requisite long period of time, it should be presumed that any dispute, disagreement, or uncertainty over the boundary has been resolved in some manner and should be forgotten. This is as I read the later cases decided by this Court. See e. g. *Fuoco v. Williams,* 15 Utah 2d 156, 389 P.2d 143; *Baum v. Defa,* Utah, 525 P.2d 725.

What I have said is not inconsistent with the proposition that if it is shown that the fence was erected by permission, or by agreement that it merely serve as a barrier, or for some other purpose than as a boundary between the properties, there would be no boundary by acquiescence, because the parties would not be accepting it as a boundary.

---

**6.** For a brief analysis of this Court's role when deciding equity cases, see this author's opinion in the recent case of *McBride v. McBride,* Utah, 581 P.2d 996 (No. 15378, filed June 8, 1978).