William James MONROE and M. Evangeline Monroe, Plaintiffs and Respondents,

v.

Rulon J. HARPER and Paula F. Harper, Defendants and Appellants.

No. 15976.

Supreme Court of Utah.

Oct. 14, 1980.

---

Steven F. Lowe of Follett & Lowe, Salt Lake City, for defendants and appellants.

John H. McDonald, Salt Lake City, for plaintiffs and respondents.

WILKINS, Justice:

Defendants appeal from a summary judgment quieting title in plaintiffs to a disputed strip of real property on the basis of the doctrine of boundary by acquiescence.

In 1949, one Edwin B. Harper (hereafter "Harper") owned several acres of undeveloped land in the area known as Holladay, in Salt Lake County. Plaintiffs approached Harper with an offer to purchase a parcel of the property. Harper commissioned one LeRoy Chadwick to survey his entire tract for the purpose of subdividing it into seven lots. Depositions submitted in support of plaintiffs' motion for summary judgment indicate that stakes were set in the ground at various points to delineate boundaries established by the survey, including a line of stakes along what plaintiffs claim to be the northern boundary line of the property which they purchased from Harper in 1950. The stakes are no longer on the property.

Immediately following the signing of the real estate contract between plaintiffs and Harper, plaintiffs began preparation of the lot they bought for building of their residence. During this preparation, plaintiffs stretched lengths of string between the stakes set along the alleged northern boundary, planted a small orchard inside the line so marked (purportedly to serve as a boundary line), installed several hose bibs in the area to service the orchard, and laid a gravel roadway in the area to permit access to the western portion of the lot. During all of these operations Harper was present and often rendered assistance in their completion.

In 1953, following the satisfaction of plaintiffs' obligation under the real estate contract, Harper conveyed the lot to plaintiffs by warranty deed, which, like the contract, contained a legal description of the lot prepared by Chadwick.

Harper died in 1962. Subsequently, the remaining parcels of land he owned in the area were controlled by the Harper estate. In 1965, the plaintiffs constructed a carport to the north of their home and began using the gravel road as a driveway.

In 1975, defendants, who had succeeded to Harper's interest in the lot immediately north of that owned by plaintiffs, and wished to build thereon, commissioned a survey of the lot. This survey revealed that the boundary of record between the two lots lay an average of 17 feet south of the line established by Chadwick's markers 26 years previously.

Plaintiffs brought action to quiet title to the strip. Both parties moved for summary judgment, submitting, in support thereof, various depositions of individuals involved.

The District Court of Salt Lake County granted plaintiffs' motion on the ground that under the undisputed facts a boundary by acquiescence was established, and reformed the description of their property to include the disputed strip of land. On appeal, defendants urge that the trial court was unjustified in granting plaintiffs' motion for summary judgment in that those facts which remain undisputed by the parties do not legally justify application of boundary by acquiescence. We agree, and reverse the District Court's decision.

In the recent case, of *Hales v. Frakes*,[1] this Court reiterated the elements which must be proven to establish a boundary by acquiescence. They are:

(1) Occupation up to a visible line marked definitely by monuments, fences, or buildings and

(2) acquiescence in the line as the boundary

1. Utah, 600 P.2d 556 (1979).

(3) for a long period of years

(4) by adjoining landowners.[2]

We address one of the foregoing four elements only, which is dispositive.

It is clear from the record that, with respect to the property here, there is no "visible line marked definitely by monuments, fences, or buildings." The property here has trees within the disputed strip of land, but not on the supposed boundary. The gravel driveway parallels the disputed boundary but does not mark it. Finally, there is no fence along the boundary claimed by plaintiffs. Therefore without a visible line, there can be no boundary by acquiescence.

Accordingly, the judgment of the District Court is reversed and the matter remanded for entry of judgment on defendant's motion for ˙summary judgment. No costs awarded.

HALL and STEWART, JJ., concur.

CROCKETT, Chief Justice, and MAUGHAN, Justice (dissenting).

It is our view that there is sufficient basis in the record to support the trial court's judgment.

---

**2.** *Id.*, at 559. See also, *Fuoco v. Willilams* (Fuoco I), 15 Utah 2d 156, 389 P.2d 143 (1964).