**Victor BROWN et al., Plaintiffs and Appellants,**

v.

**PETERSON DEVELOPMENT COMPANY and Leon Peterson, Defendants and Respondents.**

**No. 16785.**

Supreme Court of Utah.

Dec. 18, 1980.

---

M. Richard Walker of Walker & Hintze, Inc., Salt Lake City, for plaintiffs and appellants.

Steven H. Stewart, Salt Lake City, for defendants and respondents.

HARDING, District Judge:

Plaintiffs, appellants herein, are the owners of lots in a recently created real property development known as Meadow Cove No. 2 Subdivision. These lots are designated as Parcel (2) in the accompanying plat. Defendants own land to the east of the subdivision. Their lands are designated as Parcels (3), (4) and (5) on the plat. Since prior to 1925, and until the trial of this case, there had been an old fence and an irrigation ditch separating the properties east and west of the former owners. This old fence is shown on the plat as "Old Fence." Plaintiffs' predecessors in title and interest had possession of and farmed the westerly land up to the old fence, and defendants' predecessors in title and interest had possession of and farmed the land east of the

old fence. For upwards of 46 years, all the former owners accepted the old fence line, which had always been plainly visible, as the boundary line between the east and west properties. Until 1973, no survey had been made to ascertain the exact boundary line between the east and west properties.

Plat of Property

The survey made in 1973 placed the easterly record title line of the westerly property about 70 feet west of the old fence line, and that surveyed line was designated as the easterly boundary line of the Meadow Cove No. 2 Subdivision (shown on the plat as the "White Fence"). This left a strip of land between the east subdivision line and the old fence 70 feet wide and 969 feet long (shown as Parcel (1) on the plat). Plaintiffs obtained quitclaim deeds to Parcel (1) from Reynold Johnson and his wife and Porter Brothers, who had formerly owned the west property. The plaintiffs claim title to Parcel (1) by virtue of these quitclaim deeds and not because of their ownership of the adjoining lots in Meadow Cove No. 2 Subdivision.

The defendants' title descriptions varied. The description for Parcel (3) overlapped the east subdivision line by 26 feet. Parcel (4) had two descriptions, one of which was about two feet west of the old fence, and the other came to the subdivision line (White Fence). The description for Parcel (5) stopped at the old fence line, covering none of the land in the disputed strip.

It is clear from the undisputed evidence that plaintiffs and their predecessors in title and interest had occupied, possessed and used the land included in the disputed strip for more than 40 years as the owners thereof; that the land had been bounded by a visible fence during all that time, which fence had been accepted by the adjoining landowners as the boundary line between their respective tracts of land.

It is also clear from the evidence that none of the defendants, nor their predecessors in title and interest, had occupied, possessed, used or claimed any of the land included in the disputed strip for more than 40 years prior to the filing of the legal action in this matter.

■ Reynold Johnson had bought the land west of the old fence in 1943. From that date until 1971, he occupied and farmed the land up to the old fence. He irrigated his crops from the ditch that ran along the old fence line immediately west of such fence. He had acquired title to the disputed strip of land by operation of law under the doctrine of boundary by acquiescence. The defendants' predecessors in title and interest held good title to their lands west to the old fence, and only the bare record title to any land west of the old fence that was embraced within the descriptions in their title documents. Their legal title to any part of the disputed strip of land had been extinguished when Johnson's occupancy and possession had ripened into a legal title.[1]

It is understandable by the Meadow Cove surveyors fixed the subdivision east boundary line at the white fence line. That was where the record title description placed the line. The subdivider would need to furnish title insurance policies to the lot buyers showing the record title to the lots to be clear and marketable, and the buyers' financiers would also demand clear record titles. To have gone beyond the record title line at the white fence to the old fence line would have necessitated either a quiet title action and the securing of a court decree, or the securing of quitclaim deeds from the holders of the record title, procedures the subdivider probably would prefer to avoid.

---

1. *Fuoco v. Williams*, 15 Utah 2d 156, 389 P.2d 143 (1964); *King v. Fronk*, 14 Utah 2d 135, 378 P.2d 893 (1963); 3 Utah L.Rev. 504 (1953). See also, 1975 Utah L.Rev. 221, 224.

■ The fact that the plaintiff lot buyers had notice of the actual lot boundaries before buying and closing their lot purchases would have been fatal to their action if they had not received a conveyance of the legal title to the disputed strip of land by means of quitclaim deeds from the former owners of it. The later quitclaim deeds passed the legal title to them. The title lost by defendants' predecessors by virtue of the operation of the doctrine of boundary by acquiescence did not revert to the defendants nor to the former owners of the record title when the surveyors established the record title line of the Meadow Cove No. 2 Subdivision at the white fence line. The legal title to the disputed strip remained in Reynold Johnson or his grantee or successor in interest, from whom the plaintiffs received their title.[2]

■ Defendants' assertion that the plaintiffs paid nothing for the quitclaim deeds obtained from Johnsons and Porter Brothers is not important, since as between parties a deed is good with or without consideration.[3] Defendants have no standing to complain that there was an absence of consideration.

In view of the foregoing, we reverse the judgment and decree below and remand with instructions to enter findings and a decree quieting title in appellants to the land in question.

Since this disposes of the case, a discussion on other points is unnecessary.

Costs to appellants.

HALL, J., concurs.

WILKINS, J., concurs in the result.

CROCKETT, C. J., and STEWART, J., do not participate herein.

MAUGHAN, J., does not participate herein; HARDING, Retired District Judge, sat.

---

2. *Brown v. Milliner*, 120 Utah 16, 232 P.2d 202 (1951); *Motzkus v. Carroll*, 7 Utah 2d 237, 322 P.2d 391 (1958); *Dragos v. Russell*, 120 Utah 626, 237 P.2d 831 (1951).

3. *Strom v. Felton*, 76 Wyo. 370, 302 P.2d 917 (1956); Vol. 26 C.J.S., Deeds, Sec. 16, note 71.