Jack B. WOOD and Beverly Wood, Thomas P. Critchley and Iva O. Critchley, Plaintiffs and Appellants,

v.

Jerome L. MYRUP and Elizabeth Myrup, Defendants and Respondents.

No. 18757.

Supreme Court of Utah.

April 27, 1984.

James R. Black, Susan B. Diana, Salt Lake City, for plaintiffs and appellants.

Theodore E. Kanell, L. Mark Ferre, Salt Lake City, for defendants and respondents.

OAKS, Justice:

This case involves questions of trespass, quiet title, and boundary by acquiescence.

The parties own adjoining property in North Salt Lake. Plaintiffs Critchley purchased the property to the north in 1948. In 1971, they sold the western 414 feet to the predecessors of plaintiffs Wood, keeping the eastern 141 feet. Defendants Myrup have owned the property to the south since before 1945. In 1945, defendants built a fence of wood posts and wire from the western end of their property about 80 percent of the way along what they assumed to be their northern boundary. There was no fence for the last 105 feet to the east until defendants extended it through this area in 1979.

From the time they purchased the northern parcel in 1948 until 1959, plaintiffs Critchley assumed that the fence marked their southern boundary. In 1959, the Critchleys obtained a survey, which showed that the southern boundary according to their legal title was 11.8 feet south of the fence at the western end and 8.4 feet south of the fence where it ended 105 feet from the eastern boundary. The surveyor who did the 1959 survey testified that if the fence were extended along its line it would have been 7½ or 8 feet north of the legal line at its eastern terminus. There is no evidence that either Critchleys or Woods thereafter objected to defendants' use of the strip of property south of the fence.

Thomas Critchley testified that he had no occasion to use the property south of the fence. He did make use of the unfenced portion on the east in the process of caring for his cherry trees, which were planted close to the extended fence line.

At least two subsequent surveys confirmed that the legal line was south of the fence and the extended fence line. A 1971 or 1972 county survey conducted to establish legal boundaries for curb and gutter assessments showed this, although the testimony is obscure on the number of feet. A survey the Critchleys obtained in April 1980 showed that the property line was 6 feet south of the fence at the western end and 5.1 feet south of the fence line at the eastern end.

Plaintiffs commenced this action in September 1980, alleging that defendants had trespassed "anywhere from 5 to 10 feet" onto plaintiffs' legally described properties by erecting a fence. Plaintiffs sought an order that defendants remove their fence and pay damages for trespass and, in the alternative, that the court quiet title in plaintiffs "if legally that is found to be appropriate in this case."

At the close of plaintiffs' case, the court granted defendants' motion to dismiss on the ground that plaintiffs had not shown their entitlement to relief in trespass or quiet title because they had not proved they were in possession of the contested property—an essential requirement for this relief—and they had not proved the exact legal boundary between their properties and defendants' because the surveys disagreed on this point. On defendants' counterclaim, the court, relying on boundary by acquiescence, quieted title in defendants to the strip of land south of the fence and north of the defendants' deed line.[1] We reverse.

## I. TRESPASS AND QUIET TITLE

Plaintiffs were not disqualified from their desired relief because of their failure

---

1. The strip described in the decree is 520 and 521 feet east and west, and its north-south dimension is 2.4 feet on the west and 5.4 feet on the east.

to prove their actual possession of the strip of land south of the fence.

■ Contrary to the rule originally administered by the courts of equity, our *statutory* action to quiet title does not require that a plaintiff allege and prove his possession of the disputed property. U.C.A., 1953, § 78–40–1; *State v. Santiago*, Utah, 590 P.2d 335, 337–38 (1979); *Gibson v. McGurrin*, 37 Utah 158, 165–66, 106 P. 669, 671 (1910).

■ Trespass, on the other hand, *is* a possessory action. In order to maintain an action of trespass, "the plaintiff must, at the time of the trespass, have been in actual *or constructive* possession of the land on which the acts of trespass were committed." *John Price Associates, Inc. v. Utah State Conference*, Utah, 615 P.2d 1210, 1214 (1980) (emphasis added). The fact that "constructive possession" is sufficient to maintain an action of trespass is also evident from this Court's opinion in *Livingston v. Thornley*, 74 Utah 516, 522–23, 280 P. 1042, 1044 (1929). The source this Court cited for the quoted statement, 75 Am. Jur.2d *Trespass* § 22 (1974), does not define "constructive possession," but that concept is defined in a succeeding section:

In contrast to the rule in actions of trespass grounded only upon actual possession by the plaintiff, where one enters into possession of a part of a tract of land under color of title to the whole tract, his entry under such circumstances operates as a possession of the entire premises described in his deed of conveyance. Hence, under a paper title apparently good, actual possession of part of the land described is sufficient to maintain trespass for entry on any part of it.

*Id.* at § 24. We agree. If the rule were otherwise, a record title holder unquestionably in possession of one part of his property would have difficulty using trespass to protect his boundaries from those who had taken actual possession of another part of his land.

■ Our study of the record persuades us that plaintiffs proved constructive pos-

session of the property on which the fence was located. While the surveyor witness and the surveys differed on the exact location of the parties' common boundary, all agreed that it was at least several feet south of the fence. Even the court's decree quieting title in defendants identifies the new boundary as being 2 to 5 feet north of the northern line of defendants' deed. Plaintiffs' abstract of title, which the surveyor used as the basis of his survey, was in evidence, and the parties stipulated that the survey reflected the terms of the relevant deeds. This was a sufficient showing of plaintiffs' record title to constitute constructive possession and entitle them to relief for trespass. Plaintiffs did not need to prove the exact legal boundary in order to establish trespass and obtain an order for the removal of the fence on their land. Plaintiffs' action for trespass should not have been dismissed.

■ We cannot determine from this record whether plaintiffs' evidence provided a sufficient basis for the court to grant their alternative claim to quiet title to the disputed property. For that purpose, plaintiffs would have to show their record title and prove the exact boundary with sufficient precision for the court to frame a decree. After the conclusion of this case, plaintiffs withdrew their abstract of title by stipulation, and it is not in the record on appeal. "In the absence of record evidence to the contrary, we assume regularity in the proceedings below, and affirm the judgment." *State v. Jones*, Utah, 657 P.2d 1263, 1267 (1982), and authorities cited. We therefore affirm the dismissal insofar as it pertained to the request to quiet title.

## II. BOUNDARY BY ACQUIESCENCE

■ The decree quieting title in defendants must be reversed because the evidence offered by the plaintiffs (and brought out in defendants' cross-examination) did not prove defendants' claim of boundary by acquiescence. As to the eastern 105 feet, where there was no fence, there was no "occupation up to a visible line marked definitely by monuments,

fences or buildings." *Fuoco v. Williams,* 15 Utah 2d 156, 157, 389 P.2d 143, 145 (1964). As to the rest of the land, while there was "acquiescence in the [fence] line as the boundary," *id.,* for 11 years, that acquiescence cannot be inferred beyond 1959, when plaintiffs Critchley received a survey and knew that their legal line was some feet south of the fence. The requirement of acquiescence "for a long period of years," *id.,* is not satisfied by 11 years. As we have noted, "[O]nly under unusual circumstances would a lesser period [than 20 years] be deemed sufficient." *Hobson v. Panguitch Lake Corp.,* Utah, 530 P.2d 792, 795 (1975); *King v. Fronk,* 14 Utah 2d 135, 141–42, 378 P.2d 893, 897 (1963). To the extent that *Ekberg v. Bates,* 121 Utah 123, 239 P.2d 205 (1951), and *Harding v. Allen,* 10 Utah 2d 370, 353 P.2d 911 (1960), relied on by defendants, imply the acceptability of a shorter period, they must be deemed to have been overruled by these more recent authorities.

The judgment dismissing plaintiffs' request to quiet title is affirmed. The judgment dismissing plaintiffs' complaint as to trespass and the decree quieting title in defendants are reversed, and the case is remanded to the district court for further proceedings consistent with this opinion. No costs awarded.

HALL, C.J., and STEWART and DURHAM, JJ., concur.

HOWE, J., concurs in the result.