2006 UT App 258

**LPM CORPORATION, a Nevada corporation, Plaintiff and Appellant,**

v.

**Paul C. SMITH and Sandra A. Smith, Defendants and Appellees.**

**No. 20050950–CA.**

Court of Appeals of Utah.

June 22, 2006.

David E. Kingston, Salt Lake City, for Appellant.

Michael R. Johnson and Troy L. Booher, Snell & Wilmer, Salt Lake City, for Appellees.

Before Judges BILLINGS, BENCH, and THORNE.

## OPINION

BILLINGS, Judge:

¶1 Plaintiff LPM Corporation (LPM) asserts that the trial court erred in granting Defendants Paul C. and Sandra A. Smith's (collectively, the Smiths) motion to dismiss for failure to state a claim upon which relief can be granted. *See* Utah R. Civ. P. 12(b)(6). Specifically, LPM argues the trial court erred in determining that the doctrine of boundary by acquiescence cannot be applied to obtain an entire parcel of land. We reverse and remand.

## BACKGROUND

¶2 When reviewing whether a trial court properly granted a motion to dismiss for failure to state a claim, we "accept the factual allegations in the complaint as true and consider them, and all reasonable inferences to be drawn from them, in the light most favorable to the non-moving party." *Coroles v. Sabey*, 2003 UT App 339, ¶2 n. 1, 79 P.3d 974. We therefore recite the facts according to LPM's complaint.

¶3 For more than sixty years, LPM and its predecessors have occupied a large parcel of real property (the LPM parcel) in Kaysville, Utah, for farming, livestock grazing, and traveling between the LPM parcel and LPM's other adjoining property. The Smiths own a parcel of real property (the

disputed parcel) that is adjacent to, and immediately north of, the LPM parcel. Immediately north of the disputed parcel is a third parcel of real property, also owned by the Smiths. The two adjoining parcels owned by the Smiths were once a larger, single parcel and are both located directly north of the LPM parcel. While the Smith parcel immediately north of the disputed parcel was not clearly identified in LPM's complaint, its existence is a reasonable inference that we draw from the complaint.

¶ 4 Since 1960, a fence has separated the Smiths' two parcels—the disputed parcel lies immediately south of the fence and the Smiths' adjoining parcel lies immediately north of the fence. The LPM parcel has been continuously farmed up to this north fence for more than sixty years. Both LPM (and its predecessors) and the Smiths (and their predecessors) have always treated the fence as the boundary line between their two properties.

¶ 5 LPM filed a complaint seeking to quiet title to the disputed parcel under the doctrine of boundary by acquiescence. In response, the Smiths filed a motion to dismiss for failure to state a claim. The trial court granted the Smiths' motion to dismiss and dismissed LPM's complaint with prejudice. *See* Utah R. Civ. P. 12(b)(6). LPM appeals.

## ISSUES AND STANDARDS OF REVIEW

¶ 6 On appeal, LPM asserts that the trial court improperly granted the Smiths' motion to dismiss under Utah Rule of Civil Procedure 12(b)(6). *See* Utah R. Civ. P. 12(b)(6). "A trial court's decision granting a rule 12(b)(6) motion to dismiss a complaint . . . is a question of law that we review for correctness, giving no deference to the trial court's ruling." *Oakwood Vill. LLC v. Albertsons, Inc.*, 2004 UT 101, ¶ 9, 104 P.3d 1226.

¶ 7 LPM also argues that the trial court erred when it did not convert the Smiths' rule 12(b)(6) motion to dismiss, *see* Utah R. Civ. P. 12(b)(6), into a motion for summary judgment, *see* Utah R. Civ. P. 56, even though the court allowed the Smiths to present facts outside the pleadings. However,

our decision on the first issue makes it unnecessary for us to address this second issue.

## ANALYSIS

¶ 8 LPM's complaint asserts claims for quiet title and boundary by acquiescence. LPM's quiet title claim, however, is wholly predicated on its boundary by acquiescence claim. Specifically, LPM asserts that it is entitled to quiet title to the entire disputed parcel because it has satisfied the requirements for boundary by acquiescence. Conversely, the Smiths assert that LPM's boundary by acquiescence claim fails as a matter of law because LPM is not seeking to simply adjust the boundary line between two parcels of land, but is instead attempting to wrest an entire disputed parcel from the Smiths.

¶ 9 Under Utah law, a boundary by acquiescence claim requires " '(i) occupation up to a visible line marked by monuments, fences, or buildings, (ii) mutual acquiescence in the line as a boundary, (iii) for a long period of time, (iv) by adjoining landowners.' " *Brown v. Jorgensen*, 2006 UT App 168, ¶ 14 (quoting *RHN Corp. v. Veibell*, 2004 UT 60, ¶ 23, 96 P.3d 935). The Utah Supreme Court has held that "a long period of time" must be "a period of at least 20 years." *Jacobs v. Hafen*, 917 P.2d 1078, 1081 (Utah 1996).

¶ 10 In its complaint, LPM asserts that it has met these requirements and should therefore be entitled to quiet title to the entire disputed parcel. First, LPM asserts that for more than sixty years, LPM and its predecessors have continuously occupied and used the disputed parcel for farming, livestock grazing, and traveling between the LPM parcel and LPM's other adjoining property. Such use has extended across the LPM parcel and the disputed parcel to an old wire fence that runs along the north boundary of the disputed parcel. Second, LPM claims that both parties and their predecessors "acquiesced in the fence serving as the boundary between their respective properties." Third, LPM asserts that it and its predecessors' occupation of the disputed parcel and the parties' acquiescence to the fence as the boundary between their respective parcels has been continuous for more than

sixty years. And, fourth, LPM contends that it and the Smiths own adjacent, contiguous, and neighboring parcels of land—the parcels at issue in this case. Accordingly, the facts as alleged in LPM's complaint meet the requirements for pleading boundary by acquiescence.

■ ¶ 11 However, the Smiths do not argue that the LPM complaint has not alleged the required elements for boundary by acquiescence. Instead, the crux of the Smiths' argument and the trial court's rationale in granting the Smiths' motion to dismiss is that the doctrine of boundary by acquiescence cannot serve to quiet title to an entire, separately platted parcel of land. Rather, the trial court held that to obtain title to an entire parcel of land, LPM had to satisfy the elements of adverse possession. Under the factual scenario present here, we disagree.

¶ 12 We find no authority that the doctrine of boundary by acquiescence cannot be used to wrest an entire parcel of land from an adjacent landowner. In fact, two Utah cases decided under the boundary by acquiescence doctrine have involved large parcels of property.[1] *See, e.g., Brown v. Peterson Dev. Co.,* 622 P.2d 1175, 1177 (Utah 1980) (holding that plaintiffs had acquired title to a parcel of land 70 feet wide and 969 feet long); *Mason v. Loveless,* 2001 UT App 145, ¶¶ 1, 6, 24 P.3d 997 (affirming trial court's ruling quieting title in plaintiffs to a triangular-shaped parcel measuring 204 feet wide at its wide end and one and three-fourths miles, or 9240 feet, long).

¶ 13 We conclude that two key facts revealed at the hearing on the Smiths' motion to dismiss make the application of boundary by acquiescence in this case proper. First, at the hearing, the trial court learned that the Smiths own both the disputed parcel and a parcel immediately north of the disputed parcel on the northern side of the fence. These two parcels were originally one large parcel of land until they were subdivided in 1967 and the disputed parcel was created. Therefore, the Smiths' property actually consists of two parcels of land; the fence divides these parcels, essentially dividing their whole

piece of real property. The fact that the Smiths own a parcel adjoining the disputed parcel is significant to the application of boundary by acquiescence in this case. If LPM could prove the elements of boundary by acquiescence and the trial court were to set the northern fence as the LPM parcel's northern boundary, the Smiths would not be completely divested of their property. They would still own the adjoining parcel to the north of the fence. Because the Smiths own parcels of land both to the north and the south of the fence, the fence can act as a boundary between the Smiths' property and LPM's property.

■ ¶ 14 Second, the hearing on the motion to dismiss also revealed that the fence was erected in 1940. At the hearing, LPM argued, for the first time, that the elements of boundary by acquiescence were satisfied before 1967—the year that the original parcel was subdivided and the disputed parcel was created.

¶ 15 These key facts make boundary by acquiescence a viable doctrine to support LPM's claim to quiet title to the disputed parcel. In fact, applying the doctrine of boundary by acquiescence according to these facts highlights the very policy consideration of "promoting stability in land ownership" addressed by the doctrine. *Staker v. Ainsworth,* 785 P.2d 417, 423 (Utah 1990) (holding that the policy considerations for boundary by acquiescence include "avoiding litigation and promoting stability in land ownership"); *see also Baum v. Defa,* 525 P.2d 725, 726 (Utah 1974) ("The doctrine of boundary by acquiescence derives from realization ... that the peace and good order of society is best served by leaving at rest possible disputes over long established boundaries."); *Mason,* 2001 UT App at ¶ 17, 24 P.3d 997 (stating that the purpose of the doctrine of boundary by acquiescence "is to establish stability in boundaries, repose of titles, and the prevention of litigation" (quotations and citation omitted)).

¶ 16 LPM's complaint did not clearly recite these facts or assert that the required ele-

---

1. According to the trial court's order to dismiss LPM's complaint, the disputed parcel in this case measures "over [fifty] feet wide and several hundred feet long."

ments for boundary by acquiescence were satisfied prior to the 1967 creation of the disputed parcel. Still, we consider the facts as alleged in the complaint, as well as "all reasonable inferences . . . drawn from them." *Coroles v. Sabey,* 2003 UT App 339, ¶ 2 n. 1, 79 P.3d 974. "[A] motion to dismiss is appropriate only where it clearly appears that the plaintiff . . . would not be entitled to relief under the facts alleged *or under any state of facts [plaintiff] could prove to support [its] claim." Sony Elecs., Inc. v. Reber,* 2004 UT App 420, ¶ 10, 103 P.3d 186 (emphasis added) (quotations and citations omitted). By the facts alleged in LPM's complaint and all reasonable inferences drawn therefrom, the key facts to a boundary by acquiescence claim can be proved.

¶ 17 LPM's complaint did state that the fence was built prior to 1960. It is possible that discovery would have allowed LPM to prove the actual date that the fence was erected. Moreover, because the complaint states that the fence serves as a boundary line between the parties' two parcels, it could be inferred that the Smiths owned property to the north of the fence, immediately adjacent to the disputed parcel, and that the fence did actually serve as a boundary between LPM's property and the Smiths' property. These facts could potentially allow the doctrine of boundary by acquiescence to operate to quiet title to the disputed parcel. Because we can infer these facts from LPM's complaint and because LPM could prove these facts through further discovery, we conclude that the trial court erred in granting the Smiths' rule 12(b)(6) motion to dismiss for failure to state a claim.

### CONCLUSION

¶ 18 The facts alleged in LPM's complaint and those reasonably inferred therefrom support LPM's boundary by acquiescence claim seeking to quiet title to the disputed parcel. Therefore, the trial court erred when it granted the Smiths' rule 12(b)(6) motion to dismiss for failure to state a claim.

¶ 19 Accordingly, we reverse and remand to the trial court for proceedings consistent with this opinion.

¶ 20 WE CONCUR: RUSSELL W. BENCH, Presiding Judge, and WILLIAM A. THORNE JR., Judge.